## LEM STEWART, JR. V. THE STATE.

No. 16640.   Delivered April 25, 1934.

The opinion states the case.

*E. T. Adams,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for simple assault; penalty assessed at a fine of ten dollars.

Noah Stewart, the alleged injured party, testified on direct examination for the State as follows: "I know Lem Stewart, Jr. He is my half brother. I was with him on a Sunday along toward the last of July of this year. I don't remember the date. * * * Lem had been drinking some. I had taken a drink or two but I was sober. Lem was not so very drunk. I didn't think that he ought to be driving the car. I thought he had too much to drive the car. We were fussing some. It was because my boy took the keys out of his car when I told him to. Lem thought I had the keys. Yes, some one shot me that day. It was him (appellant), but it was an accident. He was mad some I reckon. We were not very mad and not quarreling very much. He had the gun in the car. It was a .410 shotgun. It had No. 7½ shot in it. He had the gun in the seat with him."

On cross-examination the witness testified: "As to how it was an accident, he was fumbling around with the gun and it fell down on the running board and went off. He did not have hold of the gun when it went off. I was standing close to the front fender with my hand hanging down by my side. It was the right front fender. Only four shots hit me on the hand and arm. No other shots hit me."

Appellant introduced no witnesses.

As far as the record reflects the transaction, the parties merely engaged in a quarrel. There is nothing in the testimony indicating that the appellant drew a gun on the injured party;

nor is there anything to show an attempt to commit a battery or any threatening gesture showing an immediate intention to commit an assault. The testimony of the injured party for whom the State vouched was directly to the point that he received his injuries from the accidental discharge of the gun.

We are constrained to hold the evidence insufficient to support the conviction.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*