PABLO V. RODRIGUEZ v. THE STATE.

No. 19577. Delivered April 13, 1938.

The opinion states the case.

*David E. Hume,* of Eagle Pass, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for receiving and concealing stolen property; the punishment, a fine of $200.

The State's testimony shows that on or about the 1st day of June, 1937, five copper tanks, freezing units from a frigidaire, and some copper awnings were taken from the basement of the Yolanda Hotel located in Eagle Pass, Maverick County, Texas. About two weeks later, some of the property was found in the possession of the appellant, who owned and operated a garage, machine shop and bought junk. The complaining witness testified that he imagined he found from fifty to one hundred and fifty pounds of the copper, worth eight cents per pound, on top of appellant's junk pile in a room of his garage. When the witness asked appellant from whom he had purchased it, he said he did not know and could not remember; that after he, the witness, had threatened to make a complaint against him, he offered to return the property and pay the witness $25 if he would not take the matter into court.

Alfredo Martinez, an employee of the appellant, testified that when Hodges, the complaining witness, came to the garage looking for the metal, the appellant was not there; but that he, the witness, showed Hodges where the junk was kept; that after examining it, he said that some of the metal was his; that on a subsequent day it was turned over to him by appellant. This witness was present when appellant purchased the copper from an American about twenty-three or twenty-four years of age, who brought it to the garage in a sack around noon one day. He testified that he did not know his name; that after appellant had agreed upon the price of the metal, the witness weighed it and it weighed thirty pounds.

Appellant testified that he purchased the junk metal from an American whose name he did not know; that he had not seen him since but thought he would be able to recognize him if he again saw him. That junk of that nature was worth about six cents per pound; that it weighed around thirty pounds and he paid the man either $1.35 or $1.40 for it. That sometime after he had purchased the metal, Mr. Hodges, the owner, and Sam Schwartz came to his place of business and identified the property as that of Hodges. That Schwartz told him that if he would pay them $150, they would not take the matter to court, which appellant declined to do. That Hodges finally said that if he, appellant, would pay him $75, he would not take it to court, which he also declined to do. Appellant also testified that he had lived in Eagle Pass for thirty-two years and had never been convicted of a felony.

This prosecution was had under Article 1430, P. C., which reads as follows: "Whoever shall receive or conceal property which has been acquired by another in such manner as that the acquisition comes within the meaning of the term theft, knowing the same to have been so acquired, shall be punished in the same manner as if he had stolen the property."

It will be observed that the statute is composed of two constituent elements, both of which must be proved by the State for a conviction under said statute to stand: (1) That the property which is received was stolen and that the receiver thereof at the time knew that it was stolen; (2) or that after he received it, he concealed it, after learning it had been stolen.

Admittedly, guilty knowledge may be proved by circumstantial as well as by direct and positive testimony. The nature of the offense, in most cases of this character, depends upon such proof. However, the burden of proof, in criminal cases, rests upon the State, and in order to justify a conviction on circumstantial evidence, the circumstances must be such as to exclude every other reasonable hypothesis except that of the defendant's guilt. Unless such is the case, the State fails to meet the requirements of the law.

We find no testimony in the record to the effect that appellant knew at the time he purchased the property that it was stolen; nor is there any testimony that he changed the appearance of it after he acquired it. He purchased it in the day time about noon at a price which would allow him only a fair and reasonable profit. He threw it on top of a junk pile in an open room of his garage where people who came in might see it. The fact that he offered to pay the owner $25 to avert prosecution is but a circumstance raising a strong suspicion; it does not exclude every reasonable hypothesis except appellant's guilt. He might not be guilty and yet offer to pay money to avoid the embarrassment, humiliation and ordeal of a trial and the expense incident thereto.

Viewing the testimony in the strongest light from the State's standpoint, we have reached the conclusion that it fails to establish appellant's guilt beyond a reasonable doubt. See Trail v. State, 57 S. W. 92; Wilson v. State, 79 S. W. (2d) 862.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.