William M. MANCIL, Appellant,

v.

The STATE of Texas, Appellee.

No. 37838.

Court of Criminal Appeals of Texas.

June 23, 1965.

Joe H. Tonahill, Joe Bob Golden, Jasper, for appellant.

Floyd W. Addington, Dist. Atty., Jasper, Bill A. Martin, County Atty., Newton, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is murder; the punishment, 30 years.

Our prior opinion affirming the conviction is withdrawn.

The State's eye witness Hall on direct examination in describing the shooting testified as follows: "The oldest little boy got ahold of the gun and he (appellant) was wrestling to get the gun away from him. That's the truth about it. And somehow or other when he taken the gun away from him, from the boy, well, he's (appellant) one legged, he staggered and must have hung it against the back of the seat, the hammer (of the pistol)." At this juncture, the jury was retired and thereafter the State did not question Hall again about how the shooting had occurred in the presence of the jury. On cross examination in the absence of the jury, Hall stated repeatedly that the shooting was accidental and described fully his reasons for so believing.

The State thereafter did not disprove the accidental nature of the shooting.

In Stewart v. State, 126 Tex.Cr.R. 194, 70 S.W.2d 714, the State's witness on direct examination testified that he had been shot by the accused accidentally; on cross examination he described fully facts which would demonstrate that it was in fact accidental. This Court, in reversing the conviction because of the insufficiency of the evidence said, "The testimony of the injured party for whom the state vouched was directly to the point that he received his injuries from the accidental discharge of the gun." Stewart is here controlling and calls for a reversal of this conviction.

The disposition of this cause renders it unnecessary for this Court to decide whether a number of inconsistent statements made by appellant and witness Hall, *all* of which were exculpatory, were sufficient to support a conviction.

Because the State's witness testified that the shooting was accidental and the State did not thereafter disprove such fact, the evidence is insufficient to sustain the conviction and calls for a reversal of this conviction.

Appellant's motion for rehearing is granted; the judgment of affirmance is set aside and the cause is reversed and remanded.