**Orvil Clinton MORRIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42062.

Court of Criminal Appeals of Texas.

May 21, 1969.

Rehearing Denied July 16, 1969.

Mullinax, Wells, Mauzy, Levy & Richards, by Jay M. Vogelson, Dallas, for appellant.

Henry Wade, Dist. Atty., Malcolm Dade, Camille Elliott and James P. Finstrom, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The offense is murder; the punishment, five years.

The record reflects that Orvil Clinton Morris killed his wife and her paramour while they were in bed. This prosecution was for the murder of his wife.

Appellant contends that the State did not prove that his wife was not shot by accident, and that there was no proof of intent to kill her or that his intent was unlawful when he shot her. In effect the sufficiency of the evidence is challenged.

The transcription of the court reporter's notes reflects that Morris and his wife were having marital difficulties. She moved to another apartment. He suspected that she was having an affair with someone. He armed himself with a pistol and went to her apartment and waited. When she and Bobby Gene Phillips approached, he hid in the closet. They took off most of their clothes and got on the bed, apparently to have sexual intercourse. Morris fired six shots from a nine-shot revolver and killed both of them. There were three entrance wounds in his wife and four in Phillips. Powder burns on the body of the wife indicated the shots were fired at a distance of only three to fourteen inches from her.

Appellant testified that when Phillips called him an s. o. b. he shot at him, and then Helen Morris lunged between the two, and that her death was accidental.

The court charged the jury:

"If the defendant found his wife with Bobby Gene Phillips in the bedroom under such circumstances as caused him to reasonably believe that his wife and Bobby Gene Phillips had just been engaged in an act of sexual intercourse, or were about to engage in such an act, and that he fired and shot at Bobby Gene Phillips, but in shooting at Bobby Gene Phillips, he accidentally and without so intending shot and killed his wife, he would be guilty of no offense, and if you so believe or have reasonable doubt thereof, you should find the defendant not guilty and acquit him of all charges."

The charge gave effect to Art. 1220, Vernon's Ann.P.C., relating to adultery as justification for homicide committed by the husband upon one taken in the act of adultery with his wife, and to Art. 1228, V.A.P.C., which relates to excusable homicide.

The jury was the trier of the facts and chose not to believe appellant's version of the facts. There was sufficient evidence for the jury to find intent to kill Helen Morris, and the charge protected appellant's right on the issue of intent and accident.

Appellant cites the dissent in Parker v. State, Tex.Cr.App., 432 S.W.2d 526, and Rodriguez v. State, 134 Tex.Cr.R. 317, 115 S.W.2d 905, which were circumstantial evidence cases. They are not in point. In the present case the killing of Helen Morris by appellant was admitted, only the question of intent was at issue. He cites Mancil v. State, Tex.Cr.App., 391 S.W.2d 731. In that case the State's eye-witness testified to an accidental killing and it was not disproved, thus there was insufficient evidence. In the present case the facts were sufficient to show a wilful killing.

The judgment is affirmed.