## O. K. PERKINS v. THE STATE.

No. 23419. Delivered October 23, 1946.

The opinion states the case.

*Nolen L. Sewell,* of Decatur, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is the unlawful transportation of whisky in a dry area. The punishment assessed is a fine of $100.00.

The State's evidence shows that appellant was transporting six pints of whisky in Wise County, a dry area; that when the sheriff pursued him, he threw the whisky out of his automobile. Appellant testified that he had the whisky; that he purchased it in a wet area and was transporting it to his home to give it to his father-in-law, who was suffering from low blood pressure; that his physician had advised his father-in-law to drink whisky. The father-in-law testified to substantially the same fact.

Appellant in due time filed a number of objections to the court's charge and requested a number of special charges, which the court declined to give, and these complaints are brought forward by proper bills of exception.

His chief objections to the court's charge were: First, because the court in his charge failed to instruct the jury that the defendant had a legal right to possess one quart of whisky; that the possession of more than one quart of whisky is merely prima facie evidence of his guilt which may be rebutted by evidence. Second, because the court in his charge informed the jury that the transportation of whisky in a dry area of itself precludes the possibility of its being transported legally and authorizes the jury to find him guilty whether his possession thereof was for a legal or illegal purpose.

Appellant in due time requested a special charge to the effect that the transportation of whiskey from a wet area to a dry area for one's personal use is not unlawful, and if the jury so found to acquit him. The court declined to give this charge or incorporate one of like import in his main charge. It is our opinion that under the evidence of himself and that of his father-in-law, he was entitled to such an instruction. If appellant had in fact purchased the whisky in question in a wet area and at the time

of his arrest he was transporting it to his home for his own consumption or for use by his father-in-law, who was ill, he would not be guilty of unlawfully transporting whisky. Art. 666-23a, Vernon's Ann. Tex. P. C., reads as follows:

"(1) It is provided that any person who purchases alcoholic beverages for his own consumption may transport same from a place where the sale thereof is legal to a place where the possession thereof is legal."

The question here involved was decided by this court in the following cases: Walton v. State, 163 S. W. (2d) 203; Hess v. State, 168 S. W. (2d) 250.

Having reached the conclusion that the trial court erred in declining to submit appellant's requested charge, the case should be reversed and the cause remanded, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.