### ARLEY PRATT V. THE STATE.

No. 23814. Delivered December 3, 1947.
Rehearing Denied January 21, 1948.

*Jack Nossaman,* of Sherman, for appellant.

*Ralph Elliott,* County Attorney, and *Hal Rawlins* and *Murray H. Nance, Jr.,* Assistants County Attorney, all of Sherman, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Upon his plea of guilty before the County Judge, appellant was assessed a penalty of thirty days in jail.

The record discloses that the appellant lived in the City of Bonham. He had been to Dallas where he purchased about $175.00 worth of whisky, for himself and others. He was driving a car which he had borrowed from another party in Bonham who desired to share in the whisky purchases, on the 29th day of May, in preparation for June 19th celebration. Appellant and his companion, Ed Black, were apprehended while passing

through the City of Sherman at an early morning hour and were placed in jail on a charge of transporting liquor in a dry area for the purpose of sale.

When court convened the morning of May 30th, they plead guilty before the court. Admittedly they were expecting, for some reason, to be assessed a fine which they intended to pay and proceed on their journey. When they had been returned to jail they sent for an attorney who secured a hearing on a motion for a new trial and brings forward the statement of facts upon such hearing.

As we view the record made, it was entirely within the discretion of the trial judge as to whether or not he would grant the new trial. It is not within the province of this Court to say that he abused his discretion.

Finding no reversible error, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant urges that he was, in fact, not guilty of unlawfully transporting the whisky, as charged, and that he had a good and sufficient defense to the accusation against him because he had purchased the whisky in Dallas, where the sale of whisky was legal, and was, when apprehended, transporting the whisky to his home in Fannin County for his own use and not for the purpose of sale, as provided by Sec. 1 of Art. 666-23a, P. C. and construed in Walter v. State, 144 Tex. Cr. R. 335, 163 S. W. (2d) 203.

We note that upon the hearing of the motion for new trial, appellant testified that he had purchased the whisky—some for himself and some as an accommodation to others, and was transporting it for that purpose at the time he was arrested.

The provisions of Sec. 1 of Art. 666-23a, P. C. extend no further than to authorize the purchase and transportation for "own consumption." The statute does not extend to and cover transportation as an accommodation to or for others.

Appellant, by his own admission, then, was unlawfully transporting some of the whisky at the time he was arrested.

The motion for rehearing is overruled.

Opinion approved by the Court.