CARL GORDON V. STATE.

No. 23970. April 21, 1948.
State's Motion for Rehearing Denied June 16, 1948.

Hon. W. E. Grimes, Judge Presiding.

GRAVES, Judge, dissenting on motion for rehearing.

*Richard F. Stovall,* of Floydada, for appellant.

*S. H. Millwee,* County Attorney, of Lockney, and *John B. Stapleton,* District Attorney, of Floydada, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was charged with and convicted of the offense of unlawfully transporting whiskey in a dry area and his punishment was assessed at a fine of Three Hundred Dollars.

The record shows that the sheriff of Floyd County was informed by a credible person that appellant would come into the county about midnight on May 6th, 1947, with a load of whiskey. The informant gave the sheriff a description of the truck and the license number. The sheriff, accompanied by a liquor control agent, went out on the mentioned highway and when appellant came along, he stopped him, searched the truck, and found fifteen bottles of whiskey, each containing four-fifths of a quart.

Appellant testified that he had purchased three bottles of the whiskey for his mother-in-law who lived with him; that she had sustained a severe back injury; that she was under the treatment of Dr. Smith who had administered to her morphine and amytal; that the doctor advised him that morphine and amytal were habit-forming drugs and they had to get her off the drugs; that instead of giving her such drugs to induce sleep and rest, they should give her a strong toddy which would likely produce the same result; that in compliance with the doctor's instructions, he obtained three of the bottles of whiskey in question for that purpose. He further testified that he purchased and was transporting the other twelve bottles of whiskey in question for Mr. McReynolds who had theretofore given him Fifty Dollars with which to purchase whiskey and bring it to him for the use of McReynold's mother-in-law who was also ill and for whom the doctor had prescribed whiskey. Appellant was corroborated by both Dr. Smith and McReynolds. At the conclusion of all the evidence, the State moved the court to withdraw from the jury all of the testimony of appellant, Dr. Smith, and McReynolds with reference to the physical conditions of the ladies, namely appellant's mother-in-law and the mother-in-law of McReynolds. The court granted the motion and withdrew the testimony to which appellant objected. It will be noted that when the court withdrew from the jury the testimony given by said witnesses, it stripped him of every vestige of a defense. As a result of the court's action, the question arises whether or not the court was justified in his ruling.

We are of the opinion that even though appellant violated the law by transporting the twelve bottles of whiskey for the use of Mrs. Summers, the mother-in-law of McReynolds, he was still entitled to have the jury take into consideration the excluded testimony in determining the punishment to be assessed. If the jury believed the testimony of appellant and his witnesses, they might have assessed a lower punishment than they did. Appellant was entitled to have the jury consider such testimony for the purposes herein indicated.

What we have said here disposes of his objections to the court's charge based on the ground that the court failed to affirmatively present his defense. If his testimony had raised any legal defense, his contention would be tenable. However, a mere objection to the court's charge in a misdemeanor case is not sufficient. He must prepare and submit a correct charge on the subject. See Hall v. State, 102 Tex. Cr. R. 329.

We think that under the facts of this case he was entitled to prove his reputation for truth and veracity.

From what we have said it follows that the judgment of the trial court should be reversed and the cause remanded and it is so ordered.

Opinion approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

The State has filed a motion for rehearing calling attention to the statement in our original opinion that, "We think that under the facts of this case he (appellant) was entitled to prove his reputation for truth and veracity," and urging that in this we fell into error. We think the State is correct in such contention. In Branch's Ann. Tex. P. C., p. 115, Sec. 184, appears the following:

"Proof of the general reputation of defendant or of any other witness for truth is not admissible where no attack has been made on the witness, but there is a mere contradiction between witnesses, or confusion in the statements of the witness."

Many cases are cited by the author supporting the text. We probably confused the right ordinarily to prove general repu-

tation of an accused as a law-abiding citizen with the rule as to truth and veracity.

It will be noted that appellant proved by Dr. Smith and Mr. McReynolds the condition of appellant's mother-in-law, and also the condition of Mr. McReynold's mother-in-law. At the instance of the State the court withdrew from the jury all of this testimony including that with reference to appellant's mother-in-law who lived with him. The court evidently adopted the State's view reflected in its motion for rehearing that Art. 666-23a, Vernon's Tex. Ann. P. C., restricted the right of transportation of intoxicating liquor into dry territory to liquor which had been purchased for the consumption of the transporter, and that such right did not extend to use of such liquor by members of accused's family. This view is in direct conflict with the holding of this court in Perkins v. State, 196 S. W. (2d) 934 upon the exact point here involved, and construing Art. 666-23a. In that case accused testified that he was transporting the whisky for his father-in-law under the advice of a physician. The father-in-law testified to the same facts. Accused requested a special charge that if he was transporting the whisky for his personal use he should be acquitted. The charge was refused. This court quoted Art. 666-23a and said:

"If appellant had in fact purchased the whisky in question in a wet area and at the time of his arrest he was transporting it to his home for his own consumption or for use by his father-in-law, who was ill, he would not be guilty of unlawfully transporting whisky."

In withdrawing the testimony the court stripped appellant of evidence on a defensive issue as to the liquor being taken to a member of his own family, his mother-in-law.

We now discuss the withdrawal of the testimony regarding the illness of Mr. McReynold's mother-in-law, and the transportation by appellant of a part of the whisky for her use. This would furnish no defense so far as transportation by appellant for such purpose was concerned. Was the jury entitled to consider such evidence upon the issue, not of guilt, but upon the punishment which should be assessed? Penalties attached to offenses are upon a sliding scale, the law-making body realizing that for the same offense the merited punishment would vary, dependent upon the particular case under investigation. In order for the jury to determine the penalty there is no other just way than to let the jury hear the evidence regarding the circumstances of the particular transaction.

Where a plea of guilty is entered under the formalities required, such plea admits the existence of all the statutory elements of the crime charged, but legal evidence is always admissible to enable the jury to know what punishment should be assessed within the sliding scale of the penalty fixed by the statute to the offense charged under the facts of the particular case, and the facts can only be ascertained from the evidence. This is true not only where there is a plea of guilty, but upon a plea of not guilty as well. If the jury is deprived of the evidence as to the facts of the particular case there is taken away from them the very thing upon which turns the question of penalty to be assessed. Therefore, when the trial court in the present instance withdrew from the jury evidence regarding the illness of Mrs. McReynolds it removed from their consideration a fact pertinent not upon the issue of guilt but upon the issue of punishment.

It is unthinkable that a jury would be inclined to fix as severe punishment where accused, though mistaken as to his legal rights, was doing what he considered a neighborly act. Therefore we adhere to our original announcement that the trial court erred in withdrawing evidence which was admissible to enable the jury to determine the penalty to be assessed.

The State's motion for rehearing is overruled.

### ON MOTION FOR REHEARING.

GRAVES, Judge (dissenting).

This cause has been heretofore reversed because of the trial court's withdrawal from the jury of certain testimony wherein it was testified to by appellant that he was transporting 3 four-fifths of whisky for the purpose of being used as medicine by his mother-in-law and also transporting 12 four-fifths for medicinal purposes of the mother-in-law of Mr. McReynolds, all being within a dry area in this state. The original opinion herein reversed this cause upon the trial court's withdrawal of this testimony from the jury.

It will be observed that appellant was merely charged with the illegal transportation of intoxicating liquor and not of the transportation thereof for the purpose of sale. It is a violation of the law to transport intoxicating liquor in a dry area except for one's own consumption. See Art. 666-4 (b), Vernon's Ann. Tex. P. C. If appellant had been charged with such transportation for the purpose of sale, a different question would have

presented itself, but in this instance, no such condition arises. The violation of the law being in the fact of transportation only, the single defense is found in the statute that allows such for one's own consumption. Art. 666-23a, Vernon's Ann. P. C. Appellant's testimony, as well as that of his witnesses, negative the proposition of his own consumption. The testimony that such liquor was intended for the consumption of other than himself was immaterial, irrelevant, and constituted no defense to the admitted act. Nowhere in the statute do we find aught allowing a mitigation of the penalty because same was carried for one's own mother-in-law or that of another's mother-in-law; and to extend the statutory rule to a neighbor and the constituents of his family would unduly by construction amend a statutory enactment to eventually include a whole neighborhood.

We do not think that appellant's good reputation for truth and veracity should have been allowed to be proven. He did not seem to be a stranger in the community, neither was his reputation in that respect attacked. In Branch's Ann. Tex. P. C., p. 115, sec. 184, it is said:

"Proof of the general reputation of defendant or of any other witness for truth is not admissible where no attack has been made on the witness, but there is a mere contradiction between witnesses, or confusion in the statements of the witness."

Many cases are cited in support of this proposition.

We agree with that portion of the original opinion wherein it is said that appellant's defense of carrying 12 bottles of whisky for Mr. McReynold's mother-in-law was not a tenable one, and if not tenable, then I say surely immaterial, and that a mere objection to the trial court's charge is not sufficient, but a proper charge should have been submitted in this misdemeanor case relative to McReynold's mother-in-law.

The State's motion for rehearing should have been granted, and the reversal hereof set aside, and the judgment affirmed. However, my brethren being of a contrary opinion, I respectfully enter this my dissent.