## JOE H. STALEY V. STATE.

No. 24687. April 26, 1950.

*Tom Davis,* and *Ratliff & Ratliff,* Haskell, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appellant was convicted by a jury for transporting whisky in a dry area and the fine assessed was One Hundred Dollars.

The complaint alleges that appellant transported whisky "in an automobile on a public highway within said County and State, to wit: U. S. Highway Number 277." It is the holding of this court that where the state alleges the highway upon which the transportation was had it will be necessary to make proof of such allegation. Vaught v. State, 171 S. W. 2d 128.

In support of this allegation the sheriff alone testified. He said that the accused was arrested south of the town of Weinert, along about where the Josselet and Turnbow land is located, and he concluded: "I believe that is highway 277 runs through there; U. S. Highway 277." Testimony that a witness believes a fact is true is not sufficient to establish such fact. See 18 Texas Jurisprudence, p. 438, Sec. 315; also Hill v. State, 99 Tex. Crim. R. 290, 269 S. W. 90.

Testifying in his own behalf, appellant admitted the trans-

portation of the whisky in the county alleged. He said he purchased it in a wet area and was transporting it through Haskell County to Abilene, in Taylor County, where his company kept rooms in a hotel; that friends and business callers would make themselves at home in this apartment; he would drink some himself and the rest was available to his friends who happened to come that way. He said he was keeping it for his own consumption, but that he did not mean that he would drink it all himself. It seems, also, that it was not for any particular person.

The liquor control agents who made this arrest testified that appellant had never been accused of selling whisky. Admittedly, he is a substantial citizen of Wichita County engaged in producing and drilling for oil. His reputation is established by officials and prominent citizens of the county, and this is admitted by state witnesses who testified on the subject. The case, then, is one in which it appears without question that the whisky was not being transported for sale and turns upon the language of the statute as to what is meant by the phrase "own consumption." The prosecution is under Article 666-4(b).

The issue was submitted to the jury in appropriate language, to which he added: "Our Statutes further provide, however, that any person who purchases alcoholic beverages, for his own consumption may transport same from a place where the sale thereof is legal to a place where the possession thereof is legal."

Presenting appellant's affirmative defense, the court said: "However, you are further charged, that if you believe from the evidence, or have a reasonable doubt thereof, that the defendant, Joe H. Staley, had purchased the whisky in question in a wet area and at the time of his arrest was transporting the same to Abilene, Texas, for his own consumption, you will find the defendant not guilty." The foregoing language gives appellant the affirmative charge to which he is entitled. See Article 666-23a, Sec. 1, P. C.; also Hess v. State, 145 Tex. Cr. 343, 168 S. W. 2d 250; Gordon v. State, 152 Tex. Cr. R. 188, 212 S. W. 2d 185; and Perkins v. State, 149 Tex. Cr. R. 531, 196 S. W. 2d 934. In these cases we have given quite a liberal construction to the meaning of the phrase "own consumption." It seems to have been extended to authorize the transporting of whisky for other members of the family, but we have declined to construe the language to include a neighbor's mother-in-law, or as an accommodation to others. See Pratt v. State, 151 Tex. Cr. R. 326, 207 S. W. 2d 395. Further than this we believe we would not be justified in extending the rule.

Appellant sought to have the court give a charge to the jury to the effect that possession of whisky in a dry area is a violation of the law only where possessed for the purpose of sale. This is not a charge for possessing liquor for sale, but is for transporting the liquor through a dry area. The instruction was not called for in this case.

Because of the failure to prove the transportation of the liquor on the highway alleged, the judgment of the trial court is reversed and the cause is remanded.