## HERMAN LEE ROSS v. STATE.

No. 25,636. January 23, 1952.
Rehearing Denied March 12, 1952.
Petition to Supreme Court of the United States for Writ of
Certiorari and Stay of Execution Denied June 2, 1952.

Hon. C. G. Dibrell, Judge Presiding.

*Thos. H. Dent,* Galveston, for appellant.

*Raymond E. Magee,* County Attorney, Galveston, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Appellant was convicted for the murder of Guido Nesti, alleged to have been committed on June 1, 1948. That conviction was affirmed by this court (Ross v. State, 156 Texas Cr. R. 164, 233 S. W. 2d 126) over appellant's contention that the indictment

was fatally defective because members of the Negro race, of which he is one, were discriminated against in the selection and organization of the grand jury which returned the indictment. The Supreme Court of the United States granted a writ of certiorari (340 U. S. 946, 71 S. Ct. 529, 95 L. Ed. 682), and thereafter, upon the authority of Cassell v. Texas, 154 Tex. Cr. R. 648, 339 U. S. 282, 94 L. Ed. 839, 70 S. Ct. 629, reversed the decision of this court and sustained appellant's contention that the indictment was defective for the reason stated.

A new indictment was returned against appellant, and upon his trial thereunder he was again convicted for the murder and his punishment assessed at death. It is the appeal from this conviction that is now before this court.

In the former appeal we held the facts sufficient to support the conviction, and they will not be here restated.

Upon the special venire from which the jury to try this case was to be selected, there appeared the names of five veniremen who were members of the Negro race. Upon voir dire examination, those Negroes were shown to possess the necessary statutory qualifications (Art. 612, C. C. P.) for jury service. It further appears that in the selection of the jury to try this case, the state, through its prosecuting attorney, peremptorily challenged and thereby excluded each of the Negro veniremen from serving upon the jury.

If we understand appellant's contention, it is that in thus peremptorily challenging all members of the Negro race on the jury panel state's counsel arbitrarily prevented any member of the Negro race from serving on the jury, and that such arbitrary conduct had been practiced in Galveston County— where this case was tried—by prosecuting attorneys throughout the years, so that no member of the Negro race had ever served upon a jury trying a member of that race for a capital felony. It is insisted that such conduct and arbitrary exercise of the right of peremptory challenge constituted a denial of due process of law as guaranteed by the Fourteenth Amendment to the Federal Constitution.

Chap. 3 of the Code of Criminal Procedure of this state provides the statutory authority for the selection of a jury in the trial of a capital case. Among other things, it is provided that each party—state and defendant—shall be entitled to fifteen peremptory challenges (Art. 615) and that a peremptory chal-

lenge is one made without assigning any reason therefor, (Art. 614, C. C. P.).

The right of peremptory challenge was recognized and accorded by the common law. The statute (Art. 614, C. C. P.) appeared in our original code, and the right of peremptory challenge accorded thereby has remained unchanged throughout the years. Nowithstanding such fact, appellant would have us here ingraft upon that right a limitation to the effect that in the selection of a jury to try a Negro for a capital offense, state's counsel is precluded from exercising peremptory challenges upon members of the Negro race upon the jury panel who are qualified for jury service. Obviously, to so hold would destroy the the right of peremptory challenge not only to the state but also to the accused.

A peremptory challenge is the right to reject, and not to select, jurors. United States v. Marchant, 25 U. S. 480, 6 L. Ed. 700. To prohibit the rejection of jurors by the exercise of the peremptory challenge would have the effect of furnishing an additional means for the selection of jurors. In this connection it must be remembered that no man has the right to demand that he be tried by members of his race. The constitutional guarantee of due process goes no further than to say that he shall not be discriminated against in the selection of the jury because of his race.

Finally, to sustain appellant's contention would be to say, in effect, that members of the Negro race could obtain a fair and impartial trial in a capital case only when members of the Negro race are upon the jury. We are aware of no authority that would authorize us to so hold.

State's counsel having the unlimited right to exercise a peremptory challenge without giving any reason therefor, it is immaterial when, where, how, or in what manner that right is or has been exercised.

A bill of exception appears complaining of argument of state's counsel. The qualification of the bill shows that the argument was authorized by the facts. Moreover, there is nothing in the bill of exception negativing the fact that the argument was not in reply to argument of appellant's counsel.

No error appearing, the judgment is affirmed.

Opinion approved by the court.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant has filed a motion for rehearing which has very clearly placed before the court his contention that he has been denied equal protection of the law as guaranteed by the Fourteenth Amendment of the Constitution of the United States, in that there has been a systematic discrimination in Galveston County in the selection of petit jurors for the trial of cases for a long period of time. His argument presents his view of a number of decisions of the Supreme Court of the United States relating to the selection of grand jurors. It is now contended that this should be extended to the selection of jurors for the trial of cases.

The question in this particular case must be based upon a contention that the prosecuting attorney, in the exercise of the fifteen peremptory challenges allowed to him by the statute, has succeeded in excluding from jury service all Negroes who were regularly and legally drawn on the list to serve.

This statute gives both sides the same privilege and the attorney on either side, in exercising his fifteen peremptory challenges, is not required to give his reasons in any case. It may be that he does not like the community from which the party comes, or some organizations to which he is inclined to think the juror belongs. He may prefer someone in a different age class, or it is known to be frequently true that he does not like "the cut of his eye." His right to exercise a peremptory challenge, to the extent of fifteen in a trial for murder, as fixed by the law of this state, places no restriction whatsoever on him.

The identical question was decided adversely to the appellant in McMurrin v. State, 156 Tex. Cr. R. 434, 239 S.W. 2d 632. This was also a case from Galveston County and the same attorney, Thos. H. Dent, represented the appellant in that case. The Supreme Court of the United States refused writ of certiorari. U.S. Supreme Court Reports, Law ed. Advance Opinions, Vol. 96 (dated Nov. 5, 1951). In our view its holding is conclusive against the contention in the instant case.

If we reversed this case under the contention lodged against

it we would be saying to the state that you cannot challenge all of the Negroes on your list, while at the same time the Negro defendant would retain his right to fifteen challenges untrammeled by such holding and would thereby work an undue preference to him solely on the ground of his race. The confusion which would result from such holding cannot be estimated. We are bound by the statutory provisions on the subject and are without authority to grant the motion under the conditions presented.

Appellant's motion for rehearing is overruled.