## ELMER HARDY V. STATE

No. 27,774. November 2, 1955

*R. E. Murphey,* Coleman, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is transportation of whisky in a dry area; the punishment, 6 months in jail and a fine of $500.00.

In view of our disposition of this cause, a recitation of the facts is not deemed necessary.

An examination of the statement of facts reveals that the state wholly failed to establish that the order of the commissioners' court declaring the result of the prohibition election was ever published as required by law.

Recently, in Bell v. State, 156 Texas Cr. R. 440, 243 S.W. 2d 585, we had this to say on the identical point here presented:

"Such failure resulted in a reversal in Sweeten v. State, 135

Texas Cr. R. 445, 120 S.W. 2d 1074; in Craig v. State, 145 Texas Cr. R. 186, 167 S.W. 2d 523; in Jones v. State, Texas Cr. App., 225 S.W. 2d 190; and in numerous other cases over a period of many years.

"The reason for this rule lies in the fact that the local option election does not in itself standing alone make illegal that which had been legal. Notice to the public of the result of such election is a prerequisite."

See also Moore v. State, 156 Texas Cr. R. 512, 244 S.W. 2d 240.

We observe, further, that the information alleged with unnecessary particularity the license number of the automobile, in which it was alleged the whisky had been transported and the number of the highway, yet no proof was offered to support such unnecessary averments. Daulton v. State, 155 Texas Cr. R. 335, 235 S.W. 2d 165; Staley v. State, 154 Texas Cr. R. 546, 229 S.W. 2d 170; and Vaught v. State, 145 Texas Cr. R. 623, 171 S.W. 2d 128.

The judgment of the trial court is reversed and the cause remanded.