JAĊK TACKETT V. STATE

No. 32,043. June 1, 1960

*Herrick & Herrick* and *Jerry Murad,* Fort Worth 2, for appellant.

Leon Douglas, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge

The offense is the sale of intoxicating liquor in a dry area; the punishment, 30 days in jail and a fine of $200.00.

Our able state's attorney does not seek an affirmance of this conviction because of the insufficiency of the evidence to support the allegation that the place where the sale was made was in a dry area. We agree that his analysis of the record is correct.

In order to support the allegation as to the dry status of the area, the state relied alone upon an order canvassing the returns and declaring the results of the prohibition election. This alone is not sufficient. In Hardy v. State, 162 Tex. Cr. Rep. 166, 283 S.W. 2d 234, we reversed a conviction for a local option liquor law violation because of the failure of the state to prove that the order of the commissioners court declaring the results of the prohibition election was ever published as required by law. In Hardy we quoted from Bell v. State, 156 Tex. Cr. Rep. 440, 243 S.W. 2d 585, as follows:

"The reason for this rule lies in the fact that the local option election does not in itself standing alone make illegal that which had been legal. Notice to the public of the result of such election is a prerequisite."

See also Moore v. State, 156 Tex. Cr. Rep. 512, 244 S.W. 2d 240.

In Shawhart v. State, 163 Tex. Cr. Rep. 199, 289 S.W. 2d 601, we enumerated the proof which is requisite in cases of this nature.

It is further noted that the record nowhere reveals that this offense was committed in Wise County.

In view of our disposition of the case, it will not be necessary to consider or discuss the other questions raised.

Because the evidence is insufficient to support the conviction, the judgment is reversed and the cause remanded.