

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

April 13, 1965

Honorable Charles E. Hughes
County Attorney
Bowie County Courthouse
Texarkana, Texas

Opinion No. C-421

Re: Whether a motor hotel and restau-
rant, under the stated facts, would
be in violation of the Liquor Control
Act, Art. 666, Penal Code of Texas,
if it, at its discretion, gives away
beer or mixed drinks of intoxicating
liquor.

Dear Mr. Hughes:

In your request for an opinion from this office, you state the following
facts:

"A motor hotel has as a part of its facilities a
restaurant to accommodate the guests. The manager
of such facilities seeks to give at his sole discretion
a beer or a mixed drink before or during their meals
eaten in the restaurant to some or all of his guests
who stay with him.

"Question: Is there any law in our state which
would prohibit such a person to give a beer or a
mixed drink of intoxicating liquors to such people
to be drunk in a public place when such premises
are located in a dry area. The guest who is the
recipient of such a gift is charged the same amount
for his meal, lodging or any other charges that may
be made, as the guest who is not a recipient of such a
gift. Such gifts would not be made or any consumption
permitted on the premises during any prohibited
hours provided in Article 666-4(c), Penal Code of
Texas."

The precise question presented is whether a "gift" as described above
is a true gift or actually a sale which falls within the prohibition of Article
666, Section 4(b), Vernon's Penal Code, which provides:

"It shall be unlawful for any person in any dry
area to manufacture, distill, brew, sell, possess for

-1980-

> the purpose of sale, import into this State, export
> from the State, transport, distribute, warehouse,
> store, solicit or take orders for, or for the purpose
> of sale to bottle, rectify, blend, treat, fortify, mix,
> or process any liquor, distilled spirits, whiskey,
> gin, brandy, wine, rum, beer or ale."

In Savage v. State, 88 S.W. 351 (Tex.Crim.App. 1905), the Appellant was convicted of selling beer on Sunday, under Article 199 of the Revised Civil Statutes of Texas, 1895. Upon appeal the principal question for decision by the Court of Criminal Appeals was whether the Appellant made a sale of the beer. The proof showed that the Appellant was a restaurant keeper and that he also ran a saloon, both being situated in the same building and run in the same hall or room. The evidence showed that the Appellant, when he sold lunches to customers furnished beer therewith. The testimony further showed that the lunches were worth their $0.15 selling price, and that with each lunch the Appellant served a pint bottle of beer which ordinarily sold for $0.15. All the witnesses testified that they paid only the price of the lunch and received the beer free. All the evidence was to the effect that the beer was a gift when served with lunch. It should be pointed out at this time that the above mentioned facts were undisputed.

The case was submitted to a jury although it is not clear from the opinion exactly what instructions were submitted to the jury in the court's charge. It is clear, however, that the jury found that Appellant was guilty of a sale of beer on Sunday. The court, on rehearing, stated as follows:

> ". . . Ordinarily it would appear that a party
> might sell one article, and make a gift of another.
> The testimony of the witnesses both for the state and
> defendant was to this effect; that is, that the beer was
> not sold; the lunch was the article bought, and the beer
> was a mere gift. It occurred to us in the original
> opinion that this character of testimony settled the case
> in favor of the defendant, inasmuch as no effort was
> made on the part of the state to show that the lunch
> was of less value than was charged. In fact, the lunch
> was shown to be of equivalent value. It occurred to us
> that, under similar circumstances, if the saloon keeper
> set up free lunch to the customer, should he come in
> and purchase a glass of beer, and, at his option, partake
> of the free lunch, this would not amount to a sale of the
> lunch, but merely a gift; and such seems to be the
> common understanding. However, as stated, the authorities

cited establish the contrary doctrine, and leave the
sale or gift a matter to be determined by the jury
under proper instructions; and, on a more deliberate
investigation of this question, in connection with the
authorities furnished by the Assistant Attorney
General, we believe that this is the correct doctrine."
(Emphasis added)

As seen from the above quoted portion of the opinion, the court
stated that whether the facts of the case proved that a sale had occurred was
within the province of the jury. However, an analysis of the facts and of the
opinion indicates that, in effect, the court held, as a matter of law, the fur-
nishing of alcoholic beverages with meals constitutes a sale of the beverage.
This is true because there was no evidence in the record in the Savage
case that there was any consideration paid for the alcoholic beverage. In
fact, all of the evidence was to the effect that there was no consideration
paid for the beverage. Therefore, if the question had been one of fact for
the jury, the Savage conviction could not have stood because there was no
evidence in the record to support a jury finding that there had been consider-
ation for the sale of the beverage. Since the court sustained the conviction,
it held as a matter of law that the furnishing of alcoholic beverages under
the circumstances in the Savage case was a sale of the beverage.

The Texas Court in the Savage case relied upon a Massachusetts case,
Commonwealth vs. Minot Thayer, 40 Mass. (8 Metc.) 525 (1844). In that
case, the court was faced with the following facts developed during the trial
of the case. It appeared that the Defendant was the keeper of a public house
in which there was a bar and a bar-keeper. The only witness, Albert
Hersey, testified that he never bought any spiritous liquor of the Defendant;
that he bought a cake of him, for six cents, and at the same time a decanter
of spiritous liquor was set upon the bar, from which he helped himself;
that he never bought a similar cake for less than six cents, but that he did
not know the value of the same.

The court instructed the jury, that if they believed that any part of
the six cents was given by the witness, and received by the Defendant, to
pay for the liquor, it constituted a sale, and the Defendant was guilty. The
jury found the Defendant guilty and the Defendant appealed.

The Massachusetts Court held:

"The government alleged a sale to Albert Hersey
of one glass of spiritous liquor, and was bound to es-
tablish the fact. To constitute such sale, there must

> be the assent of the two parties; there must be a
> vendor and a vendee. <u>But no words need be proved to
> have been spoken. A sale may be inferred from the
> acts of the parties, and no disguise which the parties
> may attempt to throw over the transaction, with a
> view of evading the penalty of the law, can avail them,
> if in truth such sale is found to have taken place. . ."</u>
> (Emphasis added)

The Massachusetts Court again found itself confronted with a question similar to the question involved here in <u>Commonwealth vs. Albert W. Worcester</u>, 126 Mass. 256 (1879). Evidence in the trial court in this case came from witnesses who testified that they went to the Defendant's dwelling-house on two or three different occasions and had dinners or suppers; that with these meals, and as part thereof, they had wine, lager beer and other liquors; and that when they got through they paid the Defendant for the meal, each paying what he pleased, and they thought they paid two dollars each.

The trial judge instructed the jury that, if meals were furnished, and, as part of such meals, intoxicating liquors were furnished, and the payment for the meals included payment for the liquors, that would constitute an illegal sale within the provisions of the statute. The Defendant was found guilty by the jury and he appealed.

The court in this case held:

> "<u>The purchase of a meal includes all the articles
> that go to make up the meal.</u> It is wholly immaterial
> that no specific price is attached to those articles
> separately. <u>If the meal included intoxicating liquors,
> the purchase of the meal would be a purchase of the
> liquors.</u> It would be immaterial that other articles
> were included in the purchase, and all were charged
> in one collective price. <u>If a dealer should undertake to
> present a glass of liquor to everybody who should pur-
> chase some small article of him, it would be considered
> a mere evasion of the law prohibiting the unlicensed</u>
> sale of intoxicating liquors. . ." (Emphasis added)

A District of Columbia Court in the case of <u>Lauer vs. Dist. of Columbia</u>, 11 App.Cas. 453, was faced with the construction of their statute, 22 Stat. 567. That section, so far as relevant to our question, read thusly:

" 'That anyone engaging in the sale of intoxicating liquors as specified in this act in the District of Columbia, who is required by it to have a license as herein specified, without first having obtained a license to do so as herein provided, or any person who shall engage in such sale in any portion of the District where the sale thereof is prohibited, upon conviction thereof shall be,'. . . ."

In the trial court evidence was given by several witnesses tending to show that the Defendant kept a grocery store and boarding house; that at meal times he was in the habit of setting a bottle of beer beside each plate. It was also shown that he sold lunches to customers and included beer therewith. Parties paid for their lunches, but not for the beer; that is to say, no separate or independent charge was made for the beer.

Whatever expectations the Defendant's boarders and customers may have had, there was no evidence to show that beer was specially called for or contracted to be furnished. Defendant made no effort to deny or explain these practices, and based his defense upon the legal ground that they did not constitute a violation of the law, i.e., that this was a "gift" and not a sale.

The trial court charged the jury, "If you believe from the evidence that the Defendant, Lauer, made a business of furnishing beer or intoxicating liquors to his boarders at their meals, such action on his part would be engaging in the sale of intoxicating liquors, under the law, and you should convict, whether the liquor was paid for by them or not. Under the law of this District such disposition of liquor makes a sale. . . . An occasional gift of liquors to his boarders would not be a violation of law." The jury found the Defendant guilty and the Defendant appealed.

The Court held:

". . . It is plain that the word sale, as used in section 12, was intended to be given meaning, generally, as any act whereby liquors shall be disposed of by one person to another under circumstances, not within the special exceptions of the act, and not plainly showing a mere friendly gift or 'treat'. The acts of this defendant in furnishing beer to his boarders and to customers, with their meals and lunches, can not be regarded as such a gift. It was nothing but a device whereby he

> sought to escape compliance with the regulations in
> respect of licenses, as well as to evade the positive
> prohibition of the sale of liquors within a mile of the
> Soldiers' Home." (Emphasis added)

Under the facts presented to us, and in view of the Savage case and other authorities cited herein, it is the opinion of this office that the furnishing of alcoholic beverages before or during meals in a dry area by a motor hotel and restaurant owner to some or all of the guests who stay in said motor hotel constitutes the unlawful sale of alcoholic beverages in violation of Article 666, Section 4(b).

Further, under your stated fact situation, it appears obvious that the alcoholic beverages in question would, at some point, have to be transported in the dry county to the proprietor's place of business. As shown by Article 666, Section 4(b), V.P.C., supra, the transporting of alcoholic beverages in a dry area is a violation of the law. An exception and defense to this charge is provided in Article 666, Section 23(a), which provides:

> "(1). It is provided that any person who purchases
> alcoholic beverages for his own consumption may
> transport same from a place where the sale thereof
> is legal to a place where the possession thereof is
> legal." (Emphasis added)

In Staley v. State, 229 S.W.2d 170 (Tex.Crim. 1950), the court had under consideration the term "own consumption". Following the citation of several cases, the court stated this language:

> ". . . In these cases we have given quite a
> liberal construction to the meaning of the phrase
> 'own consumption.' It seems to have been extended
> to authorize the transporting of whiskey for other
> members of the family, but we have declined to con-
> strue the language to include a neighbor's mother-
> in-law, or as an accommodation to others. See
> Pratt v. State, 151 Tex.Cr.R. 326, 207 S.W.2d 395.
> Further than this we believe we would not be justi-
> fied in extending the rule."

Therefore, the transportation of alcoholic beverages for the purpose presented in your question would be a further violation of Texas law.

## SUMMARY

The operators of a motor hotel and restaurant
would be in violation of Article 666, Section 4 (b),
V.P.C., by furnishing beer or mixed drinks to
their patrons before or during meals eaten in
the restaurant or to some or all of the guests
who stay in said motor hotel. Further, it is un-
lawful for any person in a dry area to transport
alcoholic beverages unless the person purchasing
said beverages transports same from a place
where the sale thereof is legal to a place where
the possession thereof is legal, for his own con-
sumption.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By Robert E. Owen
Robert E. Owen
Assistant

REO:sss

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Sam Kelley
Robert Norris
W. O. Shultz
Milton Richardson

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone