**A. M. COHEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44292.**

Court of Criminal Appeals of Texas.

March 29, 1972.

Rehearing Denied May 31, 1972.

Presley E. Werlein, Jr., Charles A. Easterling, Houston, for appellant.

Carol A. Vance, Dist. Atty., James C. Brough and George Jacobs, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

Appellant was convicted of transporting fireworks into the city of Houston, Texas, in violation of an ordinance of that city. He was found guilty in the Corporation Court and fined $200.00  The case was appealed to County Criminal Court at Law No. 1 of Harris County where trial was held de novo before the court.  Appellant was again found guilty and fined $200.00. From that conviction he appeals.

Appellant operated a fireworks stand in Harris County, Texas.  The stand was located on one side of a road, the opposite side of which was within the limits of the city of Houston, although the stand was not in the city.  On July 5, 1969, appellant went to the stand for the purpose of removing the fireworks, as the lawful season for selling fireworks had expired.  Art. 1725, Sec. 5 (D), Vernon's Ann P.C. (Supp. 1970).  He loaded them into a truck and drove down the road, and into and through a portion of the city of Houston.  He was

then arrested for unlawfully transporting fireworks in the city.

■ Appellant raises eight grounds of error. In his first ground of error, he contends that the evidence was insufficient to prove one of the allegations of the complaint.

The complaint alleged, in part, "A. M. Cohen . . . did then and there unlawfully transport fireworks into the City of Houston, Texas in the 12,300 block of Westheimer Road . . . ." Appellant maintains that there was no evidence that he transported fireworks in the "12,300 block of Westheimer Road," and that the State was bound to offer evidence in support of the. allegation. We agree.

An examination of the record reveals that there was no evidence that appellant was in the 12,300 block of Westheimer Road. There was testimony in regard to whether the 12,300 block was within the corporate limits of the city of Houston. There was also testimony which apparently concerned the accessibility of the 12,300 block to other roads. This latter testimony is relied upon by the State as being evidence that appellant was in the 12,300 block. The particular testimony is set out below:

"Q (By Mr. Easterling) Specifically, Mr. Wooten, I will ask you if the 12300 block of Westheimer, if there are any roads, streets, highways or any other routes available by which Mr. Cohen could have proceeded directly north to a point on the north limits of Harris County without traveling down Westheimer Road at the point where you stopped him?

"MR. JACOBS: Object. It calls for a conclusion on the part of this witness. There are too many facets in that question.

"THE COURT: I will let him answer if he knows.

"A 12300 probably to the 12500 block, yes. I don't know where it goes but there is a road there."

We do not feel that this testimony establishes that appellant was in the 12,300 block. The testimony seems only to indicate that a road is located near the block.

The State also maintains that since evidence was offered that the 12,100 to 12,500 blocks of Westheimer Road are within city limits, and since the earlier testimony indicated that appellant drove into and through a strip of the city of Houston on Westheimer, there is evidence that appellant was in the 12,300 block. We disagree. There was no evidence that the strip which appellant drove into was the 12,100 to 12,500 block strip.

We feel that the rule, as stated in 1 Branch's Ann. P.C., § 518 is the proper test for determining which allegations must be proved:

■ "When a person, place or thing necessary to be mentioned in an indictment is described with unnecessary particularity, all the circumstances of description must be proved and cannot be rejected as surplusage for they are thus made essential to the identity." Therefore, the allegation as to the place where the transportation occurred being necessary, the unnecessary particularity must be proved. Hardy v. State, 162 Tex.Cr.R. 166, 283 S.W.2d 234 (1955); Dugan v. State, 264 S.W.2d 120 (Tex.Cr.App.1954); Franklin v. State, 157 Tex.Cr.R. 375, 247 S.W.2d 562 (1952); Royal v. State, 155 Tex.Cr.R. 468, 236 S.W.2d 618 (1951); Staley v. State, 154 Tex.Cr.R. 546, 229 S.W.2d 170 (1950); McElroy v. State, 154 Tex.Cr.R. 20, 224 S.W.2d 715 (1949).

■ Where the allegation is not a necessary part of the pleading, the particularity of description is surplusage and need not be proved. Malazzo v. State, 165 Tex.Cr.R. 441, 308 S.W.2d 29 (1957).

In light of our disposition of the first ground, we need not consider appellant's remaining grounds of error.

The judgment is reversed and the cause remanded.

DOUGLAS, Judge (dissenting).

The majority reverses this conviction on the ground that the State did not prove that Cohen transported fireworks in the 12,300 block of Westheimer Road in the City of Houston.

It appears that the State proved the allegation as alleged in the complaint. M. M. Henry, District Chief of the Houston Fire Department, testified that Cohen appeared at the fireworks stand at the 11,000 block of Westheimer and stated that he was the owner. He then loaded the truck and proceeded out Westheimer. The officers stopped the truck at Alief and Westheimer. Cohen then drove out on Westheimer through the 12,000 block and through the city limits and was stopped again.

H. G. Wooten testified that the 11,000 block was not, but the 12,100 and 12,500 blocks of Westheimer were, in the City of Houston, and that he told Cohen that he would be arrested if he drove the truck inside the city limits. Cohen drove the truck west on Westheimer. Wooten attempted to stop him in the city limits but he would not stop until he drove to the Dairy-Ashford Road outside the city. Cohen proceeded west and passed through a strip from five-tenths of a mile to over a mile within the City of Houston.

The evidence shows that that part of Westheimer between 12,100 and 12,500 blocks is within the city limits of Houston. Cohen drove west on Westheimer and the block numbers were increasing. He started on the 11,000 block and was stopped the first time in the middle of the 12,000 block. After Wooten turned on his red lights Cohen drove approximately a mile and stopped when he got outside the city. Cohen testified that he went through a strip of the city limits and had to in order to leave the stand.

The evidence, in my opinion, if not direct, is sufficient to show by the circumstances, leaving no other reasonable hypothesis, that Cohen transported fireworks in the 12,300 block of Westheimer in the City of Houston.

The conviction should be affirmed.

MORRISON, J., joins in this dissent.