Steve JIMENEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–86–00218–CR.

Court of Appeals of Texas,
San Antonio.

Feb. 25, 1987.

Richard E. Langlois, San Antonio, for appellant.

Fred G. Rodriguez, Dist. Atty., Sam Millsap, Jr., Former Dist. Atty., Demetrio Duarte, Barbara Hervey, San Antonio, for appellee.

Before BUTTS, DIAL, Jr. and CHAPA, JJ.

BUTTS, Justice.

This is an appeal from a conviction for attempted aggravated sexual assault. TEX.PENAL CODE ANN. § 15.01; § 22.-021(a)(2) (Vernon Supp.1987). A jury found appellant guilty. The court suspended imposition of sentence and placed appellant on probation for a term of ten years.

The sole point of error challenges the sufficiency of the evidence to support the conviction. The attack focuses on the variance of the proof from the allegations of the indictment. We agree there is a fatal variance but not the one argued by appellant.

The statement of facts in this case shows that appellant was tried jointly with Gary Jimenez, his brother, who was charged in a separate identical indictment. The indictment against appellant alleged in part:

> On or about the 29th day of September, 1985, Steve Jimenez ... [did] attempt to cause the penetration of the female sexual organ of [complainant], a person not then and there the spouse of the defendant, *with the penis of the said defendant,* having at the time the specific intent

to commit the offense of aggravated sexual assault upon the said complainant, *by attempting to pull down the pants of the said complainant while she was restrained and by beginning to pull down the pants of the said defendant, said acts amounting to more than mere preparation that tended ·but failed to effect the commission of the offense of aggravated sexual assault,* and said acts were committed without the consent of the said complainant, in that the said defendant intentionally and knowingly compelled the said complainant to submit and participate by threatening to use force and violence against the said complainant and the said complainant believed that the said defendant had the present ability to execute the threat and the said defendant intentionally and knowingly compelled the said complainant to submit and participate by the use of physical force and violence, and by acts and words the said defendant intentionally and knowingly placed the said complainant in fear that death and serious bodily injury was to be imminently inflicted on the said complainant; ... (Emphasis added).

*   *   *   *   *   *

The jury charge properly mirrored the allegations of the indictment. Neither the State nor the appellant objected to the jury charge; both expressly waived objection. The charge contained no instruction on "parties" to the offense. TEX.PENAL CODE ANN. § 7.02(a)(2) (Vernon 1974).

At trial the complainant testified she was at a convenience store after midnight making a telephone call. She saw three males, two of them the Jimenez brothers. She believed they were under the influence of spray paint. They "grabbed" her as she attempted to get into her pickup truck. She was able to get away, but they caught her again. She testified appellant and the third male held her by her arms and her hair to restrain her. All three said they were going to rape her. Gary Jimenez had a pocket knife and he ripped her blue jeans in the crotch area. Gary also pulled her pants down and then pulled down his own pants. Holding his penis in his hand, Gary advanced on her as appellant and the third person restrained her. She managed to escape, jumping into the pickup and locking the doors. Gary then slashed a tire with his knife. She drove away slowly, and they ran after her. A short distance from there she saw her boyfriend at the house where she was going. She and he ran after the three assailants, who had retreated upon seeing her boyfriend. The complainant shortly thereafter identified the Jimenez brothers. The boyfriend located Gary knocking on a window of his house which was nearby. The police subsequently arrested the brothers.

■ In circumstances where a defendant, if guilty at all, is guilty as a party, the court should properly apply the law of parties to the facts of the case. *Romo v. State,* 568 S.W.2d 298, 303 (Tex.Crim.App. 1978). The trial court here could properly have submitted a jury charge on the law of parties. That was not done.

Thus, appellant, based upon the jury charge submitted, must have been found guilty on the proof presented against him as the primary actor or perpetrator of attempted aggravated sexual assault and not as a party to the offense.

■ Appellant argues there is variance between the allegations and proof in that the proof failed to sustain the descriptive averment that the penetration was with the penis of appellant. He argues the attempted penetration was with the penis of appellant's brother. While it is true that Gary Jimenez, according to the testimony of the complainant, was the only one who displayed his penis, and appellant did not, this does not mean that attempted sexual assault cannot be alleged or proved unless there is such a display. It is the means whereby the *attempt* is made that is controlling. In other words, even if Gary had not displayed his male organ, under the circumstances of this case, the same offense of aggravated sexual assault could have been charged.

In addition, the averment was not that penetration had been made with Gary's penis. The averment was that appellant at-

tempted to rape the complainant and this was the method he would use. The indictment tracked the words of the statute, § 22.011(a)(1)(A) to provide notice. There was no motion to set aside the indictment for failure to provide notice.

The complainant testified that all the attackers threatened her, "I'm going to rape you. I'm going to kill you." She denied that anal penetration was to be used. The evidence is not fatally at variance with that portion of the indictment as appellant contends.

The question of variance which concerns this court is raised by the words "by attempting to pull down the pants of the said Viola Sanchez while she was restrained and by beginning to pull down the pants of the said defendant, said acts amounting to more than mere preparation that tended but failed to effect the commission of the offense of aggravated sexual assault ..."

Where the allegation is not a necessary part of the pleading, the particularity of description is surplusage and need not be proved. *Cohen v. State*, 479 S.W.2d 950, 951 (Tex.Crim.App.1972). Whether the indicated allegations in the present indictment are words which are not part of the pleading and are surplusage which need not be proved is the question.

The elements of a criminal attempt are: (1) a person (2) with specific intent (3) does an act amounting to more than mere preparation (4) that tends but fails to effect the commission of the offense intended. *Windham v. State*, 638 S.W.2d 486, 487 (Tex.Crim.App.1982) (Citations omitted). The instant indictment reflects that all the elements are present. Here, the phrase "by attempting to pull down the pants of the said complainant while she was restrained and by beginning to pull down the pants of the said defendant," is the allegation of acts amounting to more than mere preparation. Therefore, this is the allegation of an element of the offense and must be proved. *Windham* at 487. While unnecessary words or allegations in an indictment, information, or complaint may be

rejected as surplusage if they are not descriptive of that which is legally essential to the validity of the indictment (Citations omitted), that is not the situation here. *Id.*

The State has the burden of proving the allegation in the present indictment that appellant performed these acts. The elements of criminal attempt require allegation and proof of an act amounting to more than mere preparation that tends but fails to effect commission of the offense intended. The State has failed to prove that appellant attempted to pull down complainant's pants and that he pulled down his own pants. The proof shows that his brother did those acts. The proof shows that appellant performed preparatory acts of restraint of the complainant and verbal threats.

Since the jury's finding of guilt was not based on a finding that he was a party to the offense, the jury necessarily found appellant guilty as the primary actor as charged in the indictment. There is insufficient evidence to support the allegation of the acts committed by appellant. This is the fatal variance. The evidence must show he committed those acts to prove an element of the offense.

A reversal based on insufficient evidence operates to acquit the defendant of the offense for which he is tried. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

The judgment is reversed, and the cause remanded for entry of an order of acquittal.