IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-576-CR






ASIF ZUBAIR CHAUDHRY,



 APPELLANT



vs.






THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT



NO. 40,286, HONORABLE DON HUMBLE, JUDGE PRESIDING



 





 After the jury found appellant guilty of the offense of possession of a controlled
substance, cocaine, in an amount of twenty-eight grams or more but less than four-hundred grams,
the court assessed punishment at ten years' confinement. See Tex. Health & Safety Code Ann.
§§ 481.102(3)(D) & 481.115(C) (1992).

 In a single point of error, appellant asserts the court erred in refusing his requested
charge on possession of less than twenty-eight grams of cocaine, leaving the jury no alternative
but to convict for the greater charge or acquit. We will reverse the conviction and remand the
cause.

 It is undisputed that appellant timely requested a charge on the lesser included
offense of possession of less than twenty-eight grams of cocaine. A two-step analysis is utilized
in determining whether a charge on a lesser-included offense is required. The lesser included
offense must be included within the proof necessary to establish the offense charged. 
Additionally, there must be some evidence in the record that if the defendant is guilty, he is guilty
of only the lesser offense. See Mitchell v. State, 807 S.W.2d 740, 741 (Tex. Crim. App. 1991);
Royster v. State, 622 S.W.2d 442, 446 (Tex. Crim. App. 1981). If evidence from any source
raises the issue of a lesser included offense, a charge on that offense must be included in the
court's charge. Ojeda v. State, 712 S.W.2d 742, 744 (Tex. Crim. App. 1986). The credibility
of the evidence and whether it conflicts with other evidence must not be considered in deciding
whether the charge on the lesser included offense should be given. Lugo v. State, 667 S.W.2d
144, 147 (Tex. Crim. App. 1984). Regardless of the strength or weakness of the evidence, if any
evidence raises the issue that defendant was guilty only of the lesser offense, then the charge must
be given. Sanders v. State, No. 069-90 (Tex. Crim. App., May 13, 1992).

 Officer Michael Miller of the Temple Police Department testified that he found
appellant in a state of intoxication in a parked car on the shoulder of the road on May 4, 1991. 
Miller arrested appellant for the offense of public intoxication. An inventory of the contents of
the vehicle revealed a small brown paper bag containing two small plastic bags. Miller related
that the plastic bags contained some kind of off-white substance, "one appears to be in a cookie
shape and the other appears to be in the shape of several pebbles or rocks." Before appellant was
booked into jail, a small metal pipe believed to be a crack cocaine pipe was found on his person.

 Joe Budge, a chemist with the Department of Public Safety, testified that the bags
contained substances known as crack cocaine. The small "rocks" in one of the bags weighed
fourteen-point-two-one grams and the contents of the larger bag weighed twenty-one-point-two-six
grams, making a total weight of thirty-five-point-four-seven grams.

 Appellant testified that he had a cocaine habit. On May 2, 1991, he took Reggie
Davis, a drug dealer, to Houston to purchase cocaine. Davis went to purchase cocaine for
distribution and it was agreed that he would purchase cocaine for appellant's personal use. After
Davis made the purchase, they returned to Temple. Davis gave him a little piece of cocaine "you
could break into four or five small pieces." Upon arrival in Temple, appellant dropped Davis off
at his house and went to his home without noticing that Davis had left his cocaine in the car. 
Prior to becoming intoxicated the following day, appellant went by his store where he learned that
Davis had been there two or three times that day to see him. Appellant related that he had been
having difficulty with his wife and decided to leave town the next morning. Believing that he was
too intoxicated to drive, appellant parked his car on the side of the road. He denied having ever
purchased or possessed the quantity of cocaine that forms the basis of the charge in this cause. 
Appellant further denied knowing that the cocaine was in his car. 

 James Kline, Commander of the Organized Crime Unit of the Temple Police
Department, testified that appellant told him that he gave Davis four-hundred dollars to purchase
cocaine for him. Appellant further advised Kline that Davis purchased cocaine for both of them
and that they smoked some of it on their return trip. Kline stated that twenty-eight grams of
cocaine sells for four hundred to four hundred fifty dollars in Houston. He understood appellant
to say that the entire purchase made by Davis was kept together and that appellant was going to
get his portion the next day. Kline estimated the value of thirty-five and a half grams of cocaine
to be of a street value in Temple of thirty-five hundred dollars. He recognized Davis to be a main
dealer in narcotics.

 The proof of possession of less than twenty-eight grams of cocaine differs from the
offense charged only in that less than all the facts are required to be proven. See Tex. Code
Crim. Proc. Ann. art. 37.09(1) (1981). Patently, the first prong of the two-step analysis,
requiring that the lesser included offense must be included within the proof necessary to establish
the offense charged, is met.

 In determining whether appellant comes within the second prong requiring that
there be some evidence, if guilty, he was only guilty of the lesser-included offense, we note that
appellant admits that a portion of the cocaine purchased belonged to him. His statement to Kline
reflects that the entire purchase, including Davis's and appellant's portion, was kept together. 
Testimony was introduced that Davis gave appellant some rocks on the return trip from Houston,
they smoked some of it, and Davis left his portion of the cocaine in the car. The seized cocaine
was in two packages, each package weighing less than twenty-eight ounces. The testimony of
Kline that twenty-eight grams of cocaine sells for four hundred to four hundred fifty dollars in
Houston raises some uncertainty as to whether appellant received twenty-eight or more grams for
the four hundred dollars he gave Davis since the largest amount of cocaine appellant could have
received for his expenditure was twenty-eight grams. The evidence could have been interpreted
to mean that only one of the bags belonged to appellant or that a portion of his cocaine was
smoked on the return trip. Kline's testimony that appellant told him that Davis was going to pick
his portion up the next day tends to support the first hypothesis. Additionally, the testimony that
Davis gave appellant a small amount of cocaine raises the inference that this amount constituted
a portion or all of his purchase.

 Because the evidence is subject to different interpretations, and raises the issue that
appellant may have possessed less than twenty-eight grams of cocaine, appellant's requested
charge should have been given. The trial court erred in refusing to charge on the lesser included
offense of possession of cocaine in an amount less than twenty-eight grams.

 If objection to the error in the charge is timely made, reversal is required if the
error is calculated to injure the rights of the defendant. Stated another way, there must be some
harm to the accused. See Mitchell, 807 S.W.2d at 742. The appellant was harmed in that the jury
was not allowed to consider the lesser-included offense. Id.

 We reject the State's argument that under the law of parties, the appellant would
be guilty as a party to the larger amount purchased by Davis. The court did not charge on the law
of parties. Where the issue is raised by the evidence that the conduct of a defendant, in and of
itself, is not sufficient to sustain a conviction, and the State's case is dependent in part upon the
conduct of another, the law of parties must be submitted by the court in its charge. Jimenez v.
State, 727 S.W.2d 74, 76 (Tex. App. 1987, pet. ref'd); Gilmore v. State, 666 S.W.2d 136, 156
(Tex. App. 1983, pet. ref'd). It follows that under the charge given, the appellant must have been
found guilty on the proof presented against him. Jimenez, 727 S.W.2d at 76.

 The judgment is reversed and the cause remanded.



 

 Tom G. Davis, Justice

[Before Chief Justice Carroll, Justices Aboussie and Davis*]

Reversed and Remanded

Filed: August 26, 1992

[Do Not Publish]


























* Before Tom F. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (1988).