## JAMES McLAURINE v. THE STATE.

### No. 6683.    Decided May 24.

1. **Malicious Mischief.**—Indictment for wilfully and wantonly killing a dumb animal need not allege the ownership of the animal.

2. **Same—Ownership—Charge of the Court.**—It is a rule of practice that the material allegations in an indictment (or information) which constitute the offense charged must be stated in the indictment and must be proved in evidence. But allegations in an indictment not essential to such a purpose, which might be entirely omitted without affecting the charge against the defendant, and without detriment to the indictment, are considered as mere surplusage, and may be disregarded in evidence. The information in this case charged the animals killed to be the property of L. T. White. The proof showed them to be the property of Mrs. White and her children as the beneficiaries of the estate of Mrs. White's former husband, deceased. The court charged the jury that "the allegations and proof must correspond in all essential particulars, but in the statute under which this information is drawn it is not essential to allege ownership in anybody;" and refused a special instruction to the effect that "allegations of ownership being descriptive of the offense, must be proved as alleged," or the accused acquitted. *Held*, that the requested instruction embodying the law upon the question, it was error to refuse it. As authorizing a conviction upon the information under the proof adduced the charge as given was erroneous.

APPEAL from the County Court of Comanche. Tried below before Hon. Chas. E. Williamson, County Judge.

The opinion discloses the nature of the case. The penalty assessed against the appellant was a fine of $32.

No brief for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—This case was a prosecution by information under article 680 of the Penal Code for wilfully and wantonly killing dumb animals. In prosecutions for this offense, the law being intended for the protection of the animals themselves, it is not necessary that the indictment or information should allege the ownership of the animals. Turman v. The State, 4 Texas Ct. App., 586; Darnell v. The State, 6 Texas Ct. App., 482; Willson's Crim. Stats., sec. 168.

In the information before us the charge is that the defendant "did unlawfully, wilfully, and wantonly kill four (4) cows, the property of L. T. White," etc.

It was in proof that the animals did not in fact belong to White, but that they belonged to his wife and her children by a deceased former husband—that is, they belonged to the estate of Mrs. White's former deceased husband.

Defendant requested the court to charge the jury "that it devolves upon the State to prove every material allegation in the information.

'The allegation of ownership being descriptive of the offense, must be proved as alleged, and unless you find from the evidence that such ownership is proved as alleged you should acquit the defendant."

This charge was refused by the court and is assigned for error upon .an exception saved to its refusal. The rule is that the material allegations which constitute the offense charged must be stated in the indictment and they must be proved in evidence. But allegations not essential to such a purpose, which might be entirely omitted without affecting the charge against the defendant, and without detriment to the indictment, are considered as mere surplusage, and may be disregarded in evidence. Mr. Bishop says, however, that "not everything unnecessary can thus be rejected. The rule is that if what is necessary in allegation is made unnecessarily minute in description, the proof must satisfy the description as well as the main part, since the one is essential to the identity of the other." Or, as expressed by Story, J.: "No allegation, whether it be necessary or unnecessary, whether it be more or less particular, which is descriptive of the identity of that which is legally essential to the charge in the indictment, can ever be rejected as surplusage.   *   *   * The word or phrase thus necessarily descriptive of the needful thing can not be rejected, and the variance will be fatal." "Ownership must be proved as laid, because it is descriptive of the identity of the offense, distinguishing it from all other instances. Hence, even though needlessly alleged, proof of it appears to be necessary." 1 Bish. Crim. Proc., 3 ed., secs. 485, 486, 488b; Willson's Crim. Stats., sec. 1960; Warrington v. The State, 1 Texas Ct. App., 168; Rose v. The State, 1 Texas Ct. App., 400; Allen v. The State, 8 Texas Ct. App., 360; Simpson v. The State, 10 Texas Ct. App., 681.

The court erred in charging the jury that it was not necessary to prove ownership as alleged in the information, and also in refusing to give in charge the defendant's special requested instruction as above set out.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

All the judges present and concurring.