ALFREDO DOMINGUEZ V. STATE

No. 27,824. November 23, 1955
Appellant's Motion for Rehearing Denied
(Without Written Opinion) January 11, 1956

*Michael Rizik,* San Antonio, for appellant.

*Hubert W. Green, Jr.,* Criminal District Attorney, *Morris Riley Edwards* and *H. F. Garcia,* Assistants Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was charged by complaint and information with the offense of contributing to the delinquency of Roger Huitt, a boy under 17 years of age, in that he sold him beer.

A trial before the court upon a plea of not guilty resulted in a judgment of conviction, with a jail term of 60 days assessed by the court as punishment.

Roger Huitt, age 15, testified, on direct examination, that appellant sold him a case of beer on the date alleged in the complaint at Dominguez's place on the Palo Alto road, which was a place of business where he had previously bought beer.

Billy Copeland, age 16, was one of four boys who were in the car with Huitt on the night of January 7, 1955. His testimony was to the same effect as that of Roger Huitt.

Both of the witnesses testified, on cross-examination, that they were unable to positively identify the defendant on trial as the person who sold Huitt the beer.

Appellant urges the insufficiency of the identification by the witnesses as ground for reversal.

The state called Renaldo Nerio, a member of the San Antonio Police Department, whose testimony, admitted without objection, was that both Huitt and Copeland were taken by him to Dominguez's place on January 7, the same night the boys testified that Huitt purchased the beer, and that both there identified the appellant as the person who made the sale.

The contention that the evidence is insufficient for want of identification of the defendant is overruled.

The remaining claim for reversal is that the state relied on evidence of accomplice witnesses whose testimony was not corroborated.

We need not determine whether Roger Huitt was an accomplice because he purchased the case of beer, for if he was, the testimony of Billy Copeland furnished the required corroboration. Copeland was not a party to the transaction and, as to the sale of beer to Huitt, was not an accomplice witness. Martin v. State, 151 Texas Cr. R. 207, 206 S.W. 2d 609.

The judgment is affirmed.