## SAM CARAVELLA V. STATE

No. 33,412. May 17, 1961
Motion for Rehearing Overruled June 21, 1961
Second Motion for Rehearing Overruled October 11, 1961

*H. J. Bernard* and *Donald R. Bernard,* Houston, for appellant.

*Frank Briscoe,* District Attorney, *Samuel H. Robertson, Jr.,*

*Wells Stewart*, Assistants District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

Upon a trial before the court without a jury, appellant was convicted of the offense of unlawfully contributing to the delinquency of a minor and his punishment assessed at a fine of $300.

Appellant's sole contention on appeal is that the evidence is insufficient to support the conviction.

The information alleged that the appellant did contribute to the delinquency of the minor, a male child under the age of seventeen years:

> "by inviting and encouraging and inducing him to go to a place in Harris County, Texas, said place being a place where intoxicating liquors were sold, and to partake of said intoxicating liquors by then and there buying for and giving to the said Edward Sandels said intoxicating liquors."

Officer Otis A. Anderson of the Houston Police Department testified that, on the night in question, he went to a certain place at 8827 La Porte Road where barbecue and intoxicating liquors were sold; that, when he first arrived, he remained outside in his automobile where he could see through a door inside the building; that, while seated in the automobile, he saw the appellant inside the building hand a bottle of beer to the minor named in the information, who thereupon put the bottle to his mouth and then placed it on the table where he was sitting. Officer Anderson testified that he then went inside and, after he and appellant had come outside, appellant told him that the boy had given him a quarter to buy the beer.

Edward Sandles, the minor named in the information, a boy 14-years of age, testified that, on the night in question, he went to the place to buy a bottle of beer; that, when he arrived, he gave appellant a quarter and appellant brought him a bottle of beer. The minor stated that, on such occasion, appellant did not ask him his age and that he had taken one drink from the bottle before the officers arrived. He further testified that, on such occasion, appellant was working at the place "taking or-

ders" but that appellant did not invite or entice him to come to the place.

Testifying as a witness in his own behalf, appellant stated that, on the night in question, he had gone to the place to collect a debt; that the boy asked for a beer and then gave him the quarter which he gave to the bartender, who delivered the bottle of beer to appellant and he then gave the beer to the boy. Appellant testified that the boy said he was "old enough" to drink, that he looked like a "big boy," and, had he known the boy was only fourteen, he would not have "sold" him the beer.

Appellant insists that the evidence is insufficient to sustain the conviction because it was not shown that he induced, enticed or encouraged the minor to go to the place where intoxicating liquor was sold as alleged in the information.

Appellant concedes that, in charging the offense, such allegation was unnecessary but insists that, since the allegation was made, it became a descriptive averment in the State's pleading which the State was required to prove under the rule stated in Ewing v. State, 163 Tex. Cr. R. 517, 294 S.W. 2d 107.

With such contention we do not agree.

Art. 534, V.A.P.C., makes it unlawful for a person by any act to contribute to the delinquency of a minor child under the age of seventeen years. The term "delinquency" is defined as meaning any act which tends to debase the morals, health, or welfare of such child and includes, among other acts, "drinking intoxicating liquor" or "going into a place where intoxicating liquors * * * are kept, drunk, used or sold."

The information in the instant case charged two different ways under the statute that appellant committed the offense, namely by inviting the minor to go to the place where intoxicating liquors were sold and by causing him to drink intoxicating liquor. There being no repugnancy between the ways charged, such was permissible. 23 Tex. Jur. 656, sec. 47.

The evidence clearly shows that appellant bought a bottle of beer for the minor and caused him to partake thereof. Proof of such an act is sufficient to sustain the conviction. Dominguez v. State, 162 Tex. Cr. R. 345, 285 S.W. 2d. 220.

The allegation that appellant invited, encouraged, and induced the minor to go to the place was not descriptive of the offense alleged to have been committed by the appellant's act of causing the minor to drink intoxicants and can be rejected as surplusage. 1 Branch's Ann. P.C. 2nd Ed. 497, sec. 517.

In Ewing v. State, supra, the allegation that the whiskey was transported in a "2 door" automobile was descriptive of the identity of the unlawful act of which the accused was convicted and could not be rejected as surplusage.

The judgment is affirmed.

Opinion approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING

BELCHER, Judge.

Appellant again urges his contention that the evidence is insufficient to support the conviction.

A re-examination of the evidence shows, in addition to the facts set out in our original opinion, that the appellant owned the property where the barbecue and beer were sold, but that he had rented it to another person who was operating it.

We remain of the opinion that the evidence is sufficient to sustain the conviction.

The motion for rehearing is overruled.

Opinion approved by the Court.