Jack Gordon FRANKLIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 68332.

Court of Criminal Appeals of Texas, En Banc.

Oct. 26, 1983.

Rehearing Denied Dec. 7, 1983.

Randy Schaffer, Houston, court-appointed on appeal, for appellant.

John B. Holmes, Jr., Dist. Atty., Winston E. Cochran, Jr. and Wm. Paul Mewis, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W.C. DAVIS, Judge.

Appellant was found guilty of felony theft by receiving, enhanced by a prior conviction. The jury assessed punishment at seventy-five years' confinement.

Appellant urges nine grounds of error. In view of the disposition of the sufficiency of evidence contention, no other grounds need be addressed.

Appellant was charged under V.T.C.A. Penal Code, § 31.03(b)(2). The indictment alleged in pertinent part that appellant did unlawfully "appropriate stolen property, namely five hundred rings, owned by Elmer L. Herzberg, hereafter styled the complainant, of the value of over ten thousand dollars, with the intent to deprive the complainant of the property and knowing the property was stolen and obtained from the complainant by another whose name is unknown."

Appellant argues that the indictment alleges that appellant knew that the property was stolen and obtained specifically from Elmer L. Herzberg. Del Vandiver, an F.B.I. agent, testified that appellant told him that the rings came from a robbery in Dallas. Herzberg testified that he did not get a look at the people who robbed him at his home in Houston and he could not identify them. Another State witness, Donald Laird, testified that appellant told him that appellant had a jeweler who was going out of business, and he was going to liquidate his inventory. Appellant testified that he did not know Herzberg and that was acting as a middleman for someone else who had bought the rings from a jewelry store that was closing.

There was no evidence that appellant knew that the rings were obtained from Herzberg.

If a variance exists between the allegations and the proof, it may render the evidence insufficient to sustain a conviction. *Seiffert v. State,* 501 S.W.2d 124 (Tex.Cr. App.1973). Unnecessary words or allegations in an indictment may be rejected as surplusage if they are not descriptive of that which is legally essential to the validity of the indictment. *Windham v. State,* 638 S.W.2d 486 (Tex.Cr.App.1982). But where the unnecessary matter is descriptive of that which is legally essential to charge a crime, it must be proven as alleged even though needlessly stated. *Weaver v. State,* 551 S.W.2d 419 (Tex.Cr.App.1977). We must determine whether the additional allegation in the instant indictment is descriptive of that which is legally essential or merely surplusage. *Burrell v. State,* 526 S.W.2d 799 (Tex.Cr.App.1975).

The elements of the offense with which appellant is charged are: (1) a person, (2) with the intent to deprive the owner of property, (3) appropriates property, (4) which is stolen property, (5) knowing it was stolen, (6) by another. *Dennis v. State,* 647 S.W.2d 275 (Tex.Cr.App.1983). The State pled more than they needed to in the instant indictment regarding element (4), describing the property as that property "obtained from the Complainant"; and pled more than they needed to regarding element (5), by alleging that appellant knew the property was stolen and obtained *from Herzberg.*

A commonsense reading of the indictment leads to the conclusion that the State alleged that appellant knew that the property was stolen *and* knew that it was obtained from Herzberg. The unnecessary phrase "obtained from the Complainant", is descriptive of both the stolen property element and the intent element of knowledge—knowledge not only that the property was stolen, as must be alleged under § 31.03(b)(2), but also that it was stolen from Herzberg. Both elements modified by the additional allegation are legally essential to an indictment charging an offense under § 31.03(b)(2).

In *McLaurine v. State,* 28 Tex.App. 530, 13 S.W. 992 (1890) the defendant was charged with willfully killing dumb animals. The indictment alleged that the defendant "did unlawfully, willfully, and wantonly kill four (4) cows, the property of L.T. White." The evidence revealed that the cows did not belong to White. The court held that while ownership of the property need not be alleged, it must be proved if pled because it is descriptive of the identity of that which is legally essential to the charge in the indictment. See also *Roberts v. State,* 513 S.W.2d 870 (Tex.Cr.App.1974). Compare *McClure v. State,* 163 Tex.Cr.R. 650, 296 S.W.2d 263 (1956) in which the State alleged a sale "on the premises at the Alamo Cafe located at Cleveland and Second Streets, City of Memphis, Texas." The State was required to prove the unnecessary detailed location; *Ewing v. State,* 163 Tex.Cr.R. 517, 294 S.W.2d 107 (1956). Where the State alleged that the defendant transported whiskey in a "two door" automobile; fatal variance not to prove "two door" automobile; *Cohen v. State,* 479 S.W.2d 950 (Tex.Cr.App.1972) in which the State was required to prove as alleged, that defendant transported fireworks "in the 12,300 block of Westheimer Road."; *Weaver v. State,* 551 S.W.2d 419 (Tex.Cr.App. 1977) involves an allegation of a "Ruger" gun but proof showed the gun was a "Luger." Held to be a fatal variance. In the instant case knowledge of the particular owner was alleged and, like those cases where ownership must be proved because (it has been) alleged, so too must knowledge of the particular owner be proved if alleged.

The State contends that the additional allegation describes the original armed robbery at Herzberg's house, not appellant's subsequent appropriation of the rings by receiving, and that the allegation says nothing more than that appellant knew the rings were stolen from the owner. This argument is not convincing. The indictment alleged "Elmer L. Herzberg, hereafter styled the Complainant", and specified, as

**834**

part of the intent element phrase of the indictment that appellant knew "the property was stolen and obtained *from the Complainant....*" [Emphasis added]

Furthermore it seems evident that the attorneys, the judge, and the jury all apparently believed the indictment alleged knowledge that the property was Herzberg's. The application paragraph of the court's charge authorized the jury to convict only if they found as follows:

"Therefore, if you believe from the evidence beyond a reasonable doubt that Elmer L. Herzberg was the owner of the property, namely, five hundred rings of the value of over ten thousand dollars, and that the defendant, Jack Gordon Franklin, did, in Harris County, Texas, on or about May 17, 1979, appropriate said property, knowing that said property was stolen and obtained from Elmer L. Herzberg by another whose name is unknown, and with intent to deprive the said Elmer L. Herzberg of said property, you will find the defendant guilty."

The court instructed the jury that they must find that appellant knew that the property was "stolen and obtained from Elmer L. Herzberg" before it could convict appellant. So, not only is there a variance between the indictment and the proof, but there is also a variance between the application paragraph of the charge—the paragraph which authorizes the jury to find guilt—and the proof. Indeed, the jury recognized the problem during deliberation at the guilt-innocence stage when they sent out a note stating:

"We are uncertain with the meaning in the portion of the charge to the jury where it states: 'Knowing that said property was stolen *and obtained from Elmer L. Herzberg*'. Our question is whether we are charged with passing on the defendant's knowing the property came from Elmer L. Herzberg on or about May 17, 1979. Can you please clarify this point for us."

1. As shown *infra,* such a careful reading could only have informed the jury that the answer to

The court responded to the note by instructing the jury "to read the charge and study it carefully." [1]

The allegation in the indictment is descriptive of that which is legally essential to charge a crime because it elaborates on and describes essential elements of the offense that must be pled. The State was bound to prove the allegations in the indictment. *Taylor v. State,* 637 S.W.2d 929 (Tex.Cr. App.1982); *Seiffert,* supra. No evidence was presented demonstrating that appellant knew the property was obtained from Elmer L. Herzberg.

Because we reverse for insufficient evidence, *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), we must order dismissal of the prosecution. *Gibbs v. State,* 610 S.W.2d 489 (Tex.Cr.App.1980).

The judgment is reversed and an acquittal ordered.

their query was affirmative.