**Edward M. HORNE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–83–00470–CR.**

Court of Appeals of Texas,
San Antonio.

May 15, 1985.

Rehearing Denied June 17, 1985.

William P. Allison, William A. White, Lynch, Zimmerman, White & Allison, Austin, for appellant.

Sam Millsap, Jr., Margaret M. Embry, San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and REEVES, JJ.

## OPINION

REEVES, Justice.

Appellant was convicted of the offense of arson and sentenced to sixteen years in the Department of Corrections. He avers that in the trial of his cause, there was insufficient evidence to convict him as the State failed to prove the address of the habitation alleged in the indictment.

> The indictment alleged, in pertinent part: On or about the 22nd day of January, A.D., 1981, Edward M. Horne did then and there knowingly start a fire with the intent to destroy or damage a habitation which is generally located in the 9000 block of John Wagner Road, Bexar County, Texas knowing that it was insured against the damage or destruction; ...

Our court of criminal appeals has repeatedly held that where the instrument which charges a defendant with a crime against the laws of this state alleges an unnecessary description of a necessary and essential element of that offense, it is incumbent upon the state to prove the descriptive as well as the essential element. The court in *Weaver v. State*, 551 S.W.2d 419 (Tex.Crim.App.1977), quoted from *Burrell v. State*, 526 S.W.2d 799 (Tex.Crim. App.1975) as follows:

> It is well established that where a person, place, or thing necessary to be mentioned in an indictment is described with unnecessary particularity, all circumstances of description must be proven, [citation omitted], and cannot be rejected as surplusage, for they are thus made essential to the identity. [Citation omitted.] Thus, if the pleader makes unnecessary allegations descriptive of the iden-

tity of the offense charged, it is incumbent upon the State to establish such allegations by evidence. [Citation omitted.]

In *Weaver*, the necessary element was a deadly weapon and the name of the weapon, Ruger, descriptive. However, the State proved that the deadly weapon was a Luger. In *Clark v. State*, 665 S.W.2d 476 (Tex.Crim.App.1984), the defendant was charged with violating the licensing and recording provisions of the polygraph examiner's act. The information alleged the defendant "intentionally and knowingly used an instrument and device known as a 'psychological stress evaluator' to detect deception in statements." The court held that the word "instrument" was an essential element of the offense and that the use of the unnecessary descriptive words "psychological stress evaluator" must be proven. In *Franklin v. State*, 659 S.W.2d 831, 832 (Tex.Crim.App.1983), the defendant's indictment alleged he did:

Appropriate stolen property, namely five hundred rings, owned by Elmer L. Herzberg, hereinafter styled the complainant, ... with the intent to deprive the complainant of the property and knowing the property was stolen and obtained from the complainant by another whose name is unknown.

The court held that the phrase "obtained from the complainant" was unnecessary but descriptive of both the stolen property element and the intent element of knowledge, both necessary elements to the crime, and, therefore, the State was obligated to prove the property was taken from Elmer L. Herzberg. In *Cohen v. State*, 479 S.W.2d 950 (Tex.Crim.App.1972), the defendant was charged by a complaint with transporting fireworks within the corporate limits of the City of Houston. In addition, the complaint alleged the street address where the offense had occurred, the 12300 block of Westheimer Road. The court held that it was incumbent upon the State to prove the particular location since it was descriptive of the necessary element, the

transporting of fireworks within the City of Houston.

In this cause, the State failed to prove that the habitation was located in the 9000 block of John Wagner Road. Indeed, they failed to prove that the 9000 block of John Wagner Road existed.

The testimony of Terry Thrift, the prior owner of the habitation, reveals the following:

Q: [By the State] And that house, is that located in the—generally located in the 10000 block of John Wagner Road?

A: You would call it—it the—9680 is the number that is on the gate.

Q: But 9680 is the address on the gate to the house?

A: If you come back up this way within the ranch you could assume this. *If it was subdivided, it might be about 9000 instead of 900.* [Emphasis added.]

Q: But going by street addresses you would say that it was located in the 9000 block of John Wagner Road?

A: Yes.

Both insurance agents, called by the State, who had insured the habitation placed the habitation at 9680 John Wagner Road.

The State called an investigator to testify as to the location of the habitation. An exhibit prepared by the investigator was admitted into evidence. The exhibit shows that the John Wagner Road starts at the gate of the entrance of a private access road to the habitation. The number on the gate is 9680. The exhibit depicts that the road ends in the 9800 block as it intersects Scenic Loop Road. On cross-examination the investigator testified as follows:

Q: That 9680, that is the end of John Wagner Road? That is the end of county maintenance?

A: That is my assumption.

Q: Is there no address up there now? There is no 9000 John Wagner Road.

A: I don't know—

Q: When you rode out there and drove around, you didn't find any 9000 block of Wagner Road?

A: Yes, sir, I was in the 9000 block out there.

Q: Well that is ninety-six there and in the 9000. There is no 9000 John Wagner or no block with 9000 in it. Is there any sign that says 9000 on it out there?

A: No, I saw no sign.

Q: And that's the end of John Wagner Road?

A: I don't know. The chart that I drew is as far as I went. I do not go into what may or may not be private property.

From the exhibit prepared and introduced by the investigator and from his testimony it is obvious that his statement that he was in the 9000 block is not factual.

Lastly, the State was aware the habitation was not located in the 9000 block of John Wagner Road. While on direct examination, Adolfo Cuellar, an investigator with the Texas Rangers, was asked:

Q: Okay. Are you familiar with the fire that happened at 9680 John Wagner Road on January 22, 1981?

A: Yes.

Similarly, the State referred to the habitation's address as 9680 John Wagner Road at all times during questioning of all witnesses with the qualified exceptions of Thrift's and the investigator's testimony.

We are of the opinion that the State has failed to prove the address of the habitation. In view of our decision on this ground of error, it will be unnecessary for us to discuss the other grounds of error alleged by appellant.

The judgment of the trial court is reversed and it is ordered that the cause be dismissed.

BUTTS, Justice, concurring.

A study of cases in Texas since 1890 convinces one that a reversal is required in this particular case. Lest this holding be regarded as a recent "technicality" of the times, that notion is soon dispelled by the law that has remained unswerving in this state from early times.

The discussion by J.W.C. Davis in *Franklin v. State,* 659 S.W.2d 831 (Tex. Crim.App.1983) traces the background as well as the reasoning in many of the "variance" cases. Where the unnecessary matter is descriptive of that which is legally essential to charge a crime, it must be proven as alleged even though needlessly stated. *Id.* at 833.

The elements of the offense of arson, as charged against appellant herein, are: (1) a person, (2) with intent to destroy or damage any habitation to collect insurance, (3) starts a fire. It must also be alleged that the habitation is located in Bexar County. [This indictment arose under the former arson statute, TEX.PENAL CODE ANN. § 28.02(a)(2) (Vernon 1974), enacted by Acts 1973, 63rd Legislature, Chapter 399, effective January 1, 1974].

According to long-standing Texas law, the State was required to prove as alleged, that the habitation, the essential element, was "located generally in the 9000 block of John Wagner Road, Bexar County, Texas." The State's proof showed there was no 9000 block of John Wagner Road.

Moreover, the charge submitted to the jury required them to find the location of the habitation to be in the 9000 block. This they could not do, for no proof had been received by them of that fact.

I agree there is a fatal variance between the allegations charging the offense and the State's proof. And, under the double jeopardy edict of our court of criminal appeals and the supreme court of the United States, when there is insufficient evidence to support the verdict, an acquittal must be ordered.

This is a hard lesson for those prosecutors who draw the indictments with the unnecessarily descriptive words of an essential element of the offense. The descriptive words all too often are not legally

essential. The lesson is bitter and not soon forgotten.