**Bobby George LEONARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 84 184 CR.**

Court of Appeals of Texas, Beaumont.

June 27, 1985.

Harold Laine, Jr., Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

OPINION

BURGESS, Justice.

Appellant was convicted by a jury of Delivery of a Controlled Substance. After a plea of "true" to a prior conviction, his punishment was assessed at twenty years in the Texas Department of Corrections.

The indictment stated, in pertinent part,: " ... did then and there intentionally and knowingly deliver by actual transfer to Ron Foster, a controlled substance listed in Penalty Group 3 of the Texas Controlled Substances Act, namely Pentazocine, in a quantity less than 200 grams, .... "

Appellant's first two grounds of error allege there was insufficient evidence and no evidence adduced to support the jury verdict as it related to the all of the elements of the offense charged, to wit: "in a quantity less than 200 grams". Appellant is correct in that there was no evidence presented by the state as to the weight of the substance. The question becomes is that allegation an essential element of the offense.

■ The offense is alleged to have occurred on June 22, 1983. The statute in effect at that time, Art. 4476–15, V.A.C.S., (Supp.1982), Texas Controlled Substances Act, has since been declared unconstitutional. *Ex parte Crisp*, 661 S.W.2d 944 (Tex. Crim.App.1983). The *Crisp* opinion specifically stated that the Controlled Substances Act would stand as if the 1981 amendments had not been passed. Thus the 1979 Controlled Substances Act is applicable to the prosecution of appellant. The 1979 Act did not have a weight differential scheme. Delivery of any amount of a penalty group 3 substance was a felony of the third degree. Thus the essential elements of the indictment against appellant need not include the weight allegations. Unnecessary allegations in an indictment may be rejected as surplusage if they are not descriptive of that which is a legally essential element. But where the unnecessary matter is descriptive of that which is legally essential to charge a crime, it must be proven as alleged even though needlessly stated.

*Franklin v. State*, 659 S.W.2d 831 (Tex. Crim.App.1983). Here the allegation of weight was not descriptive of the substance, but merely an allegation required where the punishment (under the 1981 act) depended on the quantity. Not being an essential element nor descriptive of an essential, it is therefore surplusage and need not be proven. Grounds of error number one and two are overruled.

■ The last three grounds of error allege there was insufficient or no evidence and there was a fatal variance between the evidence adduced and the allegation as to "Pentazocine". Appellant's grounds are based on the following portion of the statement of facts:

"Q. Now, Mr. McClain, based on the tests that you have done, do you have an opinion as to what the peach tablet contained?

"A. The peach tablet was pentacozine. The blue one was tripelennamine.

"Q. All right. And pentacozine, is that a controlled substance?

"A. Yes, sir, it is.

"Q. And what penalty group under the Texas Controlled Substance Act does pentacozine fall?

"A. In Penalty Group 3."

It is elementary to note that the statement of facts is the court reporter's transcription of what was verbalized to the jury. The jury was never given a spelling of the controlled substance in question until they had the charge in the jury room. Throughout the trial there was some difficulty with the pronunciation of the substance. The trial judge, in his initial remarks stated: "Now, the Defendant is here and his name is ... is charged with the offense of Delivering a Controlled Substance called pentazocine, however you pronounce it—about sixteen letters...." The defense counsel, in closing argument, stated: "You remember that I didn't even cross-examine the first witness that they called. I even stipulated that he's an expert. I've known that man for years and he's an honorable man and he knows his

business, and if he says that that [sic] was stuff that I don't even know how to pronounce then I'll say that's what it was."

While the better practice would have been to have the expert spell out the name of the substance so the jury could compare the expert's spelling with the charge, failure to do so is not fatal. The jury heard the testimony from the chemist, they heard the defense counsel state he was not challenging what the substance was. Therefore, there was sufficient evidence for the jury to find what the appellant delivered was "pentazocine". Further, we find no fatal variance with what was alleged in the indictment and what was proven. All three grounds of error are overruled. The judgment of the trial court is affirmed.

AFFIRMED.