**Joel Maurice BURRIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–85–408–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 30, 1986.

Jimmy James, Houston, for appellant.

John Holmes, Jr., Dist. Atty., Roe Morris, Patrick Kelly, Asst. Dist. Attys., Houston, for appellee.

Before J. CURTISS BROWN, C.J. and SEARS and ELLIS, JJ.

OPINION

ELLIS, Justice.

This is an appeal from a judgment of conviction for the felony offense of theft by receiving stolen goods in aggregate amounts under section 31.03(b)(2) of the Texas Penal Code. The appellant waived trial by jury and pled not guilty. The court found him guilty, and assessed punishment at 5 years confinement in the Texas De-

partment of Corrections probated for a period of five years. We affirm.

The appellant alleges two grounds of error. Appellant contends that the trial court erred in failing: (1) to grant an instructed verdict of not guilty as to paragraph one of the indictment and (2) to grant appellant's "Motion to Set Aside Finding of Guilt and enter a Finding of Acquittal Prior to Judgment and Sentence."

On December 21, 1984, the appellant was charged in a three-paragraph indictment with the felony offense of theft by receiving. After the State rested its case the court granted appellant's motion for an instructed verdict of not guilty as to the second and third paragraphs of the indictment. After both sides rested and closed, the court found appellant guilty of the offense alleged in the first paragraph of the indictment.

Detective Gary Akers of the Village Police Department, testified that, while investigating automobile burglaries, he determined that an unknown suspect's car that was left at the scene of a burglary the night before December 5, 1984, was registered to the appellant's father. After Akers determined that the appellant was supposed to have the car, he went to appellant's apartment located at 10350 Lands End, #810 in Houston, Texas, which he shared with Alfred Tyrone Byrd.

After the officers told the appellant that they were investigating automobile burglaries, the appellant invited them into the apartment. Detective Akers testified that he and Detective Stephens were discussing with the appellant whether he had been driving the car the night before or if he knew who had been driving his car. During this discussion, his roommate, Tyrone Byrd, came in and said, "Joel didn't have anything to do with it last night. I had the car. I was driving."

Subsequent to his admission, Byrd signed a consent form for the search of the apartment so that the officers could search and recover stolen property. Byrd proceeded to point out to the police officers stolen items located in the apartment. Detective Stephens testified that he accompanied the appellant to his bedroom during the search. Officer Stephens asked the appellant if any of the stolen property was in his room, and the appellant said, "No all of this belongs to me."

Another Village Police Department Officer, Chris Price, testified that in appellant's closet he found boxed items from Radio Shack. The items, in the closet, that were in the Radio Shack boxes consisted of a walkie-talkie, a police scanner and a tape deck. Officer Price asked the appellant about the boxed Radio Shack items, and the appellant indicated that they were stolen and stated that Byrd had given the items to him. Additionally, other items were found in the appellant's bedroom which the appellant also indicated were stolen.

In his first ground of error, appellant alleges that the trial court erred in failing to grant him an instructed verdict of not guilty as to paragraph one of the indictment. Specifically, the appellant complains that the evidence does not show that he exercised control over the stolen property. We disagree.

The offenses of theft and theft by receiving stolen property are and have always been two separate offenses. *Dennis v. State,* 647 S.W.2d 275 (Tex.Crim.App. 1983); *Warren v. State,* 514 S.W.2d 458 (Tex.Crim.App.1974). The gist of the offense of receiving stolen property is that a theft has been committed and thereafter a person other than the thief receives the stolen property knowing it to have been stolen by another. *Dennis v. State, supra.* The word "knowingly" as used in the context that a defendant knowingly receives property that has been stolen, requires actual subjective knowledge, rather than knowledge that would have indicated to a reasonably prudent man that the property was stolen. *Dennis v. State, supra; Rodriguez v. State,* 134 Tex.Crim. 317, 115 S.W.2d 905, 906 (Tex.Crim.App.1938). Otherwise, an innocent person who has acted in good faith with the thief might be sub-

ject to the harsh penalties the law provides for receiving stolen property. *Dennis, supra; Hochman v. State,* 146 Tex.Crim. 23, 170 S.W.2d 756 (Tex.Crim.App.1943).

██ Stated in a concise manner, in order to convict for the offense of theft by receiving, the State must show that the accused, with the intent to deprive the owner of the property, appropriates stolen property, knowing it to be stolen by another. *Dennis v. State,* 647 S.W.2d 275 (Tex. Crim.App.1983). In the instant case, the appellant admitted that he knew that property was stolen and he further admitted that Byrd gave him the property. Furthermore, the record shows that the property was found in the appellant's bedroom closet. Thus, the essential elements of theft by receiving have been established.

Lieutenant Price testified that he searched the appellant's bedroom. The search revealed stolen items in Radio Shack boxes in appellant's bedroom closet. These boxes contained a walkie-talkie, a police scanner and a tape deck, the stolen items alleged in the indictment. Additional testimony by Officer Price revealed the presence of a stolen black and white t.v. along with some credit cards in the name of a female in the appellant's bedroom. The credit cards were found in the top drawer of appellant's night stand and appellant admitted that he received them from Tyrone Byrd. Officer Price stated that, in the presence of Officer Stephens, the appellant indicated that these items in Radio Shack boxes, alleged in the indictment, located in his bedroom closet were stolen. The appellant also stated that Byrd had given these items to him.

We find that the evidence, in the record is sufficient to show that appellant had possession and control over the stolen property to warrant a conviction based on theft by receiving stolen goods. We overrule appellant's first ground of error.

In the second ground of error, appellant alleges that the trial court erred in failing to grant the appellant's "Motion to Set Aside Finding of Guilt and Enter a Finding of Acquittal Prior to Judgment and Sentence." The appellant bases his argument of this matter on the *Franklin* case. *Franklin v. State,* 659 S.W.2d 831 (Tex. Crim.App.1983).

In the *Franklin* case the State pled more than was necessary by alleging Franklin knew the property was *obtained from the named owner.* When there are unnecessary allegations in an indictment that are descriptive of that which is legally essential to charge a crime, they must be proven as alleged even though needlessly stated. *Weaver v. State,* 551 S.W.2d 419 (Tex.Crim. App.1977); *Matthias v. State,* 695 S.W.2d 736; (Tex.Civ.App.—Houston [14th Dist.] 1985, pet. granted).

As in the instant case, the *Franklin* case involved receiving stolen property. The *Franklin* case was reversed because the indictment alleged the defendant *knew* the name of the party that owned the property but the State failed to prove the appellant *knew* the alleged complainant was the owner.

In the instant case, paragraph one of the indictment alleges in pertinent part:

> That Joel Maurice Burris, heretofor on or about December 5, 1984 did then and there unlawfully appropriate by acquiring and otherwise exercising control over stolen property, namely, one walkie talkie, one police scanner and one tape deck, of the value of over seven hundred fifty dollars and under twenty thousand dollars, owned by Roger Williams, with the intent to deprive the owner of the property and knowing the property was stolen by another person, namely, Alfred Tyrone Byrd.

██ It appears from the reading of the indictment in our case that the State did not allege appellant *knew* the stolen items were stolen from the complainant, Roger Williams, therefore, the State was not required to prove the appellant had knowledge that the stolen items were obtained from Roger Williams. The *Franklin* case, *supra,* does not apply to this case. We overrule appellant's second ground of error.

Accordingly the judgment of the trial court is affirmed.