Edward M. HORNE, Appellant,

v.

The STATE of Texas, Appellee.

No. 820–85.

Court of Criminal Appeals of Texas, En Banc.

April 20, 1988.
Rehearing Denied May 18, 1988.

William P. Allison, William A. White, Austin, for appellant.

Sam D. Millsap, Jr., Former Dist. Atty., & Elizabeth Taylor, Rick Fox and Margaret M. Embry, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for state.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

Appellant was convicted of arson and assessed a prison term of sixteen years.

On original appeal, the San Antonio Court of Appeals reversed appellant's conviction after finding that the evidence was insufficient to prove the address of the habitation which appellant set on fire as alleged in the indictment. *Horne v. State,* 693 S.W.2d 653 (Tex.App.—San Antonio, 1985). We granted the State's petition for discretionary review to determine if the Court of Appeals applied the correct standard in reviewing the sufficiency of the evidence.

The indictment alleged in pertinent part that appellant did:

"then and there KNOWINGLY START A FIRE with intent to destroy or damage a HABITATION WHICH IS GENERAL-LY LOCATED IN THE 9000 BLOCK OF JOHN WAGNER ROAD, BEXAR COUNTY, TEXAS KNOWING THAT IT WAS INSURED AGAINST THE DAMAGE OR DESTRUCTION; against the peace and dignity of the State." (underlining added)

Evidence as to the location of the habitation came from several sources. The evidence showed that the house was on a tract of land which had once been part of an 1100 acre ranch. The entrance to the ranch was through a main gate. All the witnesses agreed that the number on the gate to the 1100 acre ranch was 9680 John Wagner Road. Terry Thrift, Jr. initially testified that he sold the house and 14.7 acres located at 9680 John Wagner Road to appellant in September of 1978. When questioned further by the State regarding the address of the house the following occurred:

"Q. And that house, is that located in the—generally located in the 100,-000 block of John Wagner block?

"A. You would call it—it the—9680 is the number that is on the gate.

"Q. But 9680 is the address on the gate to the house?

"A. If you come back up this way within the ranch you could assume this. If it was subdivided, it might be about the 9000 instead of 900.

"Q. *But going by street addresses, you could say that it was located in the 9000 block of John Wagner Road?*

"A. *Yes.*"

On cross-examination, the following occurred:

"Q. Now, you owned this house and the property, and the correct address on that is 9680 John Wagner Road; is that correct?

"A. That's the address sign that has been on the front gate of the ranch ever since I bought the property. But to say whether it is correct or not—

"Q. But 9680 is the address that was on the gate?

"A. We call it 9680.

"Q. That is what you called the address of that house that had been burned out there, 9680?

"A. Well, yes. Uh huh. We are calling the entire eleven hundred acres 9680, intentionally, by mentioning his house, my property, and the ranch around it. This is in the middle of eleven hundred acres and there is not a house within a half mile."

Ed Villanueva, an investigator with the Bexar County District Attorney's office also testified as to the location of the house. He testified that at the request of the prosecutor he went out to 9680 John Wagner Road and prepared a sketch of the road and the various house numbers in the vicinity. This sketch was marked for identification and admitted into evidence as State's Exhibit Number 64. Villaneuva testified that the gate to the ranch was marked as 9680. On the north side of the road from 9680 was a continuous block with houses numbered 9687, 9693, 9703, all the way to 9829. On cross-examination, Villaneuva testified as follows:

"Q. That 9680, that is the end of John Wagner Road? That is the end of county maintenance?

"A. That is my assumption.

"Q. So there is no address up there now? There is no 9000 John Wagner Road?

"A. I don't know.

"Q. Well, you don't have it on there?

"A. No, there is none on that sketch, sir; that's correct.

"Q. *When you rode out there and drove around, you didn't find any 9000 block of John Wagner Road?*

"A. *Yes, sir, I was in the 9000 block out there.*

"A. (sic) Well, that is ninety-six there in the 9000. There is no 9000 John Wagner or no block with 9000 on it. Is there a sign that says 9000 on it anywhere?

"A. No, I saw no sign.

"Q. And that's the end of John Wagner Road?

"A. I don't know. The chart that I drew is as far as I went. I did not go into what may or may not be private property."

The appropriate standard for reviewing claims as to the sufficiency of the evidence is the standard developed by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979): whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. State*, 672 S.W.2d 801 (Tex.Cr.App.1984). In *Combs v. State*, 643 S.W.2d 709 (Tex.Cr.App.1982), this Court described the standard and wrote:

"... It is irrelevant whether we as a court believe the evidence, or believe that defense evidence 'outweighs' the State's evidence. If there is any evidence that establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds." 643 S.W.2d at 716.

See also *Lawrence v. State*, 700 S.W.2d 208 (Tex.Cr.App.1985).

In its opinion, the Court of Appeals simply failed to view the evidence in the light most favorable to the jury's verdict. No mention of this standard is made in the opinion and it is clear from the holding of the opinion that that standard was not applied. Furthermore, in support of its holding, the Court of Appeals relied on several cases that are easily distinguishable from the instant case in that those cases contain *no evidence* of the descriptive element alleged in the indictment. *Weaver v. State*, 551 S.W.2d 419 (Tex.Cr.App.1977) (brand name Ruger alleged, evidence showed brand name Luger); *Clark v. State*, 665 S.W.2d 476 (Tex.Cr.App.1984) (in case involving violation of the polygraph examiner's act, indictment alleged that *Clark* used a "psychological stress evaluator" but there was no evidence to support that allegation); *Franklin v. State*, 659 S.W.2d 831 (Tex.Cr.App.1983) (no evidence to prove allegation that property was taken from the complainant); *Cohen v. State*, 479 S.W.2d 950 (Tex.Cr.App.1972) (specific address alleged, but no evidence was offered to prove that address).

Viewing the evidence in the light most favorable to the verdict, it is clear that the evidence was sufficient to support the allegation in the indictment that the property was generally located in the 9000 block of John Wagner Road. The State's ground for review is sustained.

The judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Appeals for consideration of appellant's other points of error.

CLINTON, J., concurs in the result.

TEAGUE, J., dissents.

WHITE, J., not participating.