Brown-GW v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-013-CR

     GERALD WAYNE BROWN,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 92-441-C
                                                                                                    

O P I N I O N
                                                                                                    

      A jury convicted Gerald Wayne Brown of arson. See Tex. Penal Code. Ann. §
28.02(a)(2)(A) (Vernon Supp. 1994). The court assessed punishment, enhanced by one prior
conviction, at forty years imprisonment. Both Brown and his attorney have filed briefs with this
court, each containing essentially the same points.


 The first complaint is that the trial court
denied his motion to quash the jury panel based on the discriminatory exercise of peremptory
challenges by the State. Next, he argues that the evidence is insufficient to support his conviction. 
In his third point, Brown claims that the court erred by refusing to submit a charge on a lesser-included offense after being requested to do so. Finally, Brown alleges that he received ineffective
assistance of counsel at his trial. We will affirm.
      Brown claims in his first point that the court denied him due process of law by allowing the
State's peremptory strikes against black members of the venire. See Batson v. Kentucky, 476 U.S.
79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The Court of Criminal Appeals allocates the
respective burdens of the parties involved in a Batson hearing as:
(1) Did the appellant at the Batson hearing introduce sufficient evidence to establish a
prima facie case that the State has engaged in purposeful racial discrimination by the use
of peremptory challenges?; (2) if so, has the prosecution come forward with a neutral
explanation for challenging black jurors?; and (3) if the prosecution has sustained his
burden of production, as specified, has the appellant continued to sustain his burden of
persuasion in establishing purposeful racial discrimination . . . thus rebutting any race
neutral explanation given at the Batson hearing.
Williams v. State, 804 S.W.2d 95, 101 (Tex. Crim. App.), cert. denied, ___ U.S. ___, 111 S.Ct.
2875, 115 L.Ed.2d 1038 (1991); see also Keeton v. State, 749 S.W.2d 861 (Tex. Crim. App.
1988); Whitsey v. State, 796 S.W.2d 707 (Tex. Crim. App. 1990) (on rehearing).
      We apply the "clear error" standard of review. See Vargas v. State, 838 S.W.2d 552, 554
(Tex. Crim. App. 1992). Thus, only if we are left with a "definite and firm conviction that a
mistake has been committed" will we conclude that the trial court's findings are clearly erroneous. 
See id.
      Brown challenged the peremptory strikes of jurors one, fourteen, twenty-five, and thirty-one. 
The only evidence that Brown introduced at the hearing on his Batson motion was his testimony. 
He testified that the four jurors were black and that each of them had stated that they could be fair
and impartial jurors. On cross-examination by the State, Brown admitted that the State had not
struck at least one black member of the venire. He also agreed that each of the witnesses who
were involved in the fire were black. Immediately after Brown testified, the State, without
prompting from the court, articulated its race-neutral reasons for the strikes. Consequently,
whether Brown met his burden of establishing a prima facie case of discrimination is moot. See
Hill v. State, 827 S.W.2d 860, 865 (Tex. Crim. App.), cert. denied, ___ U.S. ___, 113 S.Ct.
297, 121 L.Ed.2d 221 (1992). 
      Brown acknowledges that the State produced racially-neutral reasons for striking jurors
number fourteen, twenty-five and thirty-one. However, he asserts that the State failed to carry
its burden with regard to juror number one. Because "the exclusion of even one member . . . from
the jury panel for racial reasons invalidates the entire jury selection process," we must consider
the State's articulated reason for striking juror number one. See Emerson v. State, 851 S.W.2d
269, 274 (Tex. Crim. App. 1993) (Emerson II).
      The prosecutor stated that she struck juror number one because, based on the defense's voir
dire, she believed that this juror "was going to hold the State to a very high burden of proof in her
mind." The prosecutor testified that she was not going to strike juror number one until she heard
the responses from that juror during the defense questioning of the panel regarding the burden of
proof. This is a race-neutral reason for the exercise of a peremptory strike by the state. See
Harris v. State, 827 S.W.2d 949, 954-55 (Tex. Crim. App.), cert. denied, ___ U.S. ___, 113
S.Ct. 381, 121 L.Ed.2d 292 (1992). The State has met the burden of articulating its race-neutral
reasons for the strike. See Hernandez v. New York, ___ U.S. ___, 111 S.Ct. 1859, 1866, 114
L.Ed.2d 395 (1991). 
      The court may not "merely accept the specific reasons given by the prosecutor at face value." 
Emerson II, 851 S.W.2d at 273. However, we are confined to the statement of facts from the voir
dire, without the benefit of the juror information cards, the strike lists or any other documents,
because Brown failed to introduce these documents into evidence at the hearing. See Vargas, 838
S.W.2d at 557. Neither did Brown attempt to impeach or rebut the State's race-neutral
explanation. 
      The State did not question the venire on the burden of proof during its opportunity to conduct
voir dire. However, the State observed that it had not struck juror number thirty-two, a black
male. Statements made by counsel during argument on the motion which are not contradicted or
objected to by the opposing counsel can be considered by this court when we are reviewing a
Batson motion. See Emerson v. State, 820 S.W.2d 802, 804 (Tex. Crim. App. 1991) (Emerson
I). This is some evidence to support the general nonracial nature of the reasons for the exercise
of the State's peremptory strikes. See Keeton, 749 S.W.2d at 868.
      The defense asked juror number one if she understood that if she was "99 percent sure he is
guilty, but there is a small slight reasonable doubt . . . you have to find him not guilty." The juror
responded that, "It would have to be beyond a reasonable doubt. I couldn't have that doubt." 
Based on this exchange, the State felt that juror number one would hold it to a higher standard of
proof than the law required. The trial court found that this reason was not contrived or pretextual. 
Because the trial court is in the best position to observe the juror's demeanor during voir dire and
to judge the credibility of the prosecutor during the Batson hearing, we hold that the court's
finding that the State did not exercise its peremptory challenges in a discriminatory manner is not
clearly erroneous. See Emerson II, 851 S.W.2d at 273. Point one is overruled.
      In point two, Brown contends that the evidence is insufficient to support his conviction. To
obtain a conviction for arson as charged in the indictment, the State was required to show that (1)
Brown, (2) started a fire, (3) with the intent to destroy or damage, (4) a habitation, (5) knowing
that the habitation was within the city limits of Waco. See Tex. Penal Code Ann. §
28.02(a)(2)(A). In resolving the sufficiency-of-the-evidence issue, we view the evidence in the
light most favorable to the verdict and determine whether any rational trier of fact could have
found these essential elements beyond a reasonable doubt. See Horne v. State, 749 S.W.2d 74,
76 (Tex. Crim. App. 1988). This standard applies whether the evidence is direct or
circumstantial. Geesa v. State, 820 S.W.2d 154, 156-57 (Tex. Crim. App. 1991). The jury is
the exclusive judge of the credibility of the witnesses and is free to accept or reject any part of a
witness' testimony. Lackey v. State, 819 S.W.2d 111, 116 (Tex. Crim. App. 1989). 
      Only one of the six witnesses called by the State testified that she saw Brown start the fire. 
Brown observes that the witness did not state that she saw what method he used to start the fire. 
His attorney argues that the same testimony does not exclude the possibility of an accident or a
mistake. However, the witness stated several times during her testimony that she saw Brown pour
gas on the porch of the building and then set the gas on fire. She also testified that she did not
know if he used matches or a lighter to start the fire. This evidence is sufficient to support the
jury's implied finding that Brown started the fire in question. See id. Point two is overruled.
      In point three, Brown complains that the court refused to instruct the jury on the offense of
reckless damage or destruction of the property of another. See Tex. Penal Code Ann. § 28.04
(Vernon 1989). Brown argues that this is a lesser-included offense of arson. He specifically
requested that the court instruct the jury on reckless damage, and the court denied his request. 
For Brown to be entitled to a charge on a lesser-included offense, "first, the lesser included
offense must be included within the proof necessary to establish the offense charged, and, second,
some evidence must exist in the record that would permit a jury rationally to find that if [Brown]
is guilty, he is guilty only of the lesser offense." See Rousseau v. State, 855 S.W.2d 666, 673
(Tex. Crim. App. 1993) (emphasis omitted).
      An offense is a lesser-included offense of another crime if it is established by the same or less
than all the facts required to prove the other crime, it differs from the primary crime only in that
it requires a less serious injury or risk of injury to the same victim, it requires only a less culpable
mental state, or it is an attempt to commit the charged crime. See Tex. Code Crim. Proc. Ann.
art. 37.09 (Vernon 1981). The offense of reckless damage is established by showing that (1) the
defendant, (2) recklessly, (3) without the effective consent of the owner, (4) damaged or destroyed
property. See Tex. Penal Code Ann. § 28.04; Sample v. State, 629 S.W.2d 86, 87 (Tex.
App.—Dallas 1981, no pet.). The offense of arson, as codified in the 1972 Penal Code, required
the state to show that a defendant started a fire without the effective consent of the owner of a
building or habitation. See Act of May 24, 1973, 63rd Leg., R.S., ch. 399, Sec. 1, 1973 Tex.
Gen. Laws 883, 924. However, in 1979 the Legislature amended the Penal Code to eliminate the
"without effective consent" requirement. See Act of May 28, 1979, 66th Leg., R.S., ch. 588,
Sec. 1, 1979 Tex. Gen. Laws 1216, 1217. Thus, arson can be committed with the consent of the
owner of the property and still be an offense under the Penal Code. See Tex. Penal Code Ann.
§ 28.02. Reckless damage does not meet the criterion established by the Code of Criminal
Procedure to qualify as a lesser-included offense of the crime of arson. See Tex. Code Crim.
Proc. Ann. art. 37.09. The court did not err by refusing to submit Brown's requested jury
instruction. Point three is overruled.
      In his last point, Brown alleges that his counsel's performance at his trial was deficient. The
State asserts that Brown waived this claim by failing to raise it in a motion for a new trial. 
Because we will hold that Brown received effective assistance of counsel, we will not address the
State's waiver argument.
      Brown has the burden of identifying the acts or omissions by his attorney which he claims
amount to ineffective assistance of counsel. See Kinnamon v. State, 791 S.W.2d 84, 97 (Tex.
Crim. App. 1990). Brown claims that his attorney failed to interview an impeachment witness and
several alibi witnesses and that his attorney failed to call any of these witnesses to the stand in his
defense. Brown's appellate attorney alleges that the trial attorney was deficient because he (1)
indicated during his opening statement that he would put on evidence that the fire was started by
accident and then did not put on any evidence, (2) failed to object to non-responsive answers by
several witnesses; (3) failed to object to a witness' statement that Brown was in jail in Fort Worth
for a period of time; (4) did not effectively cross-examine the State's witnesses, including the only
eye-witness; and (5) failed to object to an alleged comment by the State on Brown's failure to
testify. 
      To prevail on this point, Brown must meet the two-pronged test used to analyze ineffective
assistance of counsel claims. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80
L.Ed.2d 674 (1984); Stafford v. State, 813 S.W.2d 503, 505-06 (Tex. Crim. App. 1991). First,
he must show that his trial counsel's performance was so deficient, because he made errors of such
a serious nature, that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. 
Id. Second, he must demonstrate that the deficient performance so prejudiced his defense that he
was deprived of a fair trial, i.e., that there is a reasonable probability that, but for his counsel's
unprofessional errors, the result of the proceeding would have been different. Id. A reasonable
probability is a probability sufficient to undermine confidence in the outcome. Jimenez v. State,
804 S.W.2d 334, 338 (Tex. App.—San Antonio 1991, pet. ref'd). Allegations of ineffective
assistance of counsel will be sustained only if they are firmly founded. Id. The fact that another
attorney might have pursued a different course of action or tried the case differently will not
support a finding of ineffective assistance of counsel. Id. 
      There is no evidence in this record relating to any failures to investigate the facts or interview
witnesses on the part of Brown's trial attorney. Thus, Brown's arguments in this regard will not
be considered. See McFarland v. State, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992). 
      Brown's appellate attorney alleges that his trial attorney failed to advance a plausible defensive
theory. As part of this complaint, he points to the variance between the defense's opening
statement and the evidence actually produced, the lack of cross-examination questions regarding
specific topics, and the choice by the defense to rest immediately after the State without putting
on any evidence. 
      However, the record clearly reflects that this case was tried by the defense based on the theory
that Brown did not have the requisite intent to damage or destroy the habitation. In his opening
statement, the defense counsel emphasized that Brown was injured in the fire. He cross-examined
each witness regarding the events leading up to the fire and Brown's statements, which indicated
that he was attempting to force the occupants of the building to come out rather than damage the
habitation. The major thrust of the defense's closing argument related to the lack of evidence of
ill-will between Brown and the majority of the occupants of the building, the fact that most of the
witnesses had been drinking that night, and the fact that the fire was not very effective in damaging
the building. Taken as a whole, the record reflects that trial counsel effectively attempted to
demonstrate a plausible defensive theory.
      The specific complaints that Brown raises do not take this defensive theory into account. 
Portions of the opening statement do not match this theory or the evidence adduced at trial. 
However, portions of the statement do support this theory and there is evidence which relates to
these portions. The questions that were not asked do not relate to this theory; thus the trial
attorney cannot be faulted for not asking them. The decision not to put on defensive evidence is
clearly within the realm of the trial-strategy decisions that counsel was required to make. This
decision will not be questioned when the attorney otherwise effectively presented the defensive
theory of the case, especially where the defendant had a prior conviction available to the State for
impeachment purposes.
      Brown's appellate counsel claims that his trial counsel allowed the State to "at least arguably"
comment on Brown's failure to testify. In closing argument, the State reviewed the testimony of
a witness who spoke with Brown on the telephone after the fire. The State urged the jury to
consider the evidence of that phone call:
I want you to remember what he did say afterwards, he has admitted the fire, he admitted he
caused it, he called Elizabeth and told her that he didn't know why he did it, when she asked
him why. Did you notice that he didn't say that he didn't do it. The State doesn't have to
prove to you that he wanted to hurt anybody up in there, all we have to prove to you was that
he intentionally went over there to destroy, and damage this apartment by starting a fire, and
that is what we have proven to you, and that is why we are asking for a guilty verdict for
Arson.
Brown's attorney points to the emphasized phrase and claims that this is a comment on Brown's
failure to testify. In the context in which this comment was made, the State was referring to
Brown's phone conversation with the witness, not to the absence of any testimony from Brown
himself. See Milton v. State, 620 S.W.2d 115, 116 (Tex. Crim. App. 1980).        Several of the
instances complained of are indeed trial error. The attorney failed to object to double-hearsay
testimony. He failed to object to two non-responsive assertions by a witness that, "I don't have
a reason to lie." He failed to object to a witness' statement that Brown was not living with her
"because he was in jail in Fort Worth for some of that time." Brown's right to effective counsel
is not the right to error-free counsel. See Hernandez v. State, 726 S.W.2d 53, 58 (Tex. Crim.
App. 1986). Isolated failures to object to improper evidence do not constitute ineffective
assistance of counsel. Ingham v. State, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984). After
reviewing the record as a whole, we cannot say that the attorney's conduct was such that
confidence in the outcome of the trial is undermined. See Jimenez, 804 S.W.2d at 338. Point four
is overruled.
      The judgment is affirmed.
 
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed February 9, 1994
Do not publish